| 60 | 385 |
| 62 | 379 |

| 60 | 385 |
| 113 | 198 |

## MARTHA TOAN v. NICHOLAS PLINE, JR., AND NICHOLAS PLINE, SR.

*Statute of frauds—Lease of land—Execution of, by agent in his own name—.*
*Rent payable to principal—If lessee enjoys possession, principal can*
*sue for the rent in his own name without an assignment—*
*Execution of lease by agent without written authority*
*—If possession enjoyed for a full year, lease*
*is not invalid under statute of frauds.*

1. Defendants leased certain land of one Rose, who was named in the lease as principal, but the rent was to be paid to the plaintiff. Defendants went into possession, and at the expiration of the first year

of the term plaintiff sued them for the year's rent, and on the trial offered to show that the leased premises belonged to her, and that Rose acted as her agent in the transaction. The trial court excluded the testimony and the lease on the ground that the authority of Rose must have been in writing.

*Held,* that if the agency of Rose was *not* allowed to be shown, the action in favor of plaintiff—to whom defendant agreed to pay the rent—was maintainable; that she, being the only person entitled to the rent, could sue in her own name without an assignment, and defendants, having enjoyed the property under the lease for a full year, could not escape their promise to pay her for the same.

2. While the statute of frauds makes leases for more than one year invalid if the agent is not authorized in writing to execute same, yet, where the lessee has been put in possession, and has enjoyed the premises for a *full* year, the executed agreement is good for that period, at least; is not within the statute, and the authority of the agent may be shown by parol.

Error to Ionia. (Smith, J.) Argued February 17, 1886. Decided April 8, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion and head notes.

*Clarence Cole,* for appellant:

An unnamed principal may take the benefit of a contract executed by an agent in his own name: *Hubbert v. Borden,* 6 Wharton's Penn. 79 ; *Violett v. Powell,* 10 B. Mon. 347 ; *Brooks v. Minturn,* 1 Cal. 481 ; *Cothay v. Fennell,* 10 B. & C. 671 ; *Byington v. Simpson,* 134 Mass. 169 ; Wharton on Ev. §§ 950–1, and note 5 ; Phillips on Ev. C. H. & E. Notes, Vol. 3, p. 318 ; *Jenness v. Shaw,* 35 Mich. 20.

Putting defendants into possession, and the enjoyment by them of the premises, was such a partial execution of the contract as to take it out of the operation of the statute : *Norris v. Showerman,* 2 Doug. 27–8 ; *Switzer v. Gardner,* 41 Mich. 164 ; *Davis v. Strobridge,* 44 Mich. 157.

*B. H. Bartow,* for defendants : ·

Plaintiff cannot recover. See How. Stat. § 6181 ; *Abell v. Munson,* 18 Mich. 306, 312 ; and the lease cannot be modified by parol evidence : 18 Id. 312 ; nor can the plaintiff sue in her own name without an assignment of the lease : *Cook v. Bell,* 18 Mich. 393 ; *Maynard v. Brown,* 41 Mich.

298. In order to recover there must be an original or ratified agency : *Palmer v. Williams*, 24 Mich. 331. A lease must be signed by the party or his authorized agent : *Champlin v. Parish*, 11 Paige, 406. A sealed instrument, when executed by one acting as attorney, must be signed in the name of the principal, and purport to be sealed with his seal : *Townsend v. Hubbard*, 4 Hill, 351; and, to be obligatory upon the principal, must be made in his name. If he is not a party to the deed, he cannot take any benefit from it : *Corburn v. Ellenwood*, 4 N. H. 99–102.

CAMPBELL, C. J. Plaintiff sued defendants for one year's rent, according to an instrument of lease made by James H. Rose, dated March 17, 1883, whereby he leased to Nicholas Pline, the other Nicholas signing as surety, the premises in question, for two years from the ensuing September 1st, at an annual rent of $175, which, by the terms of the lease, was made payable to plaintiff. Defendants, as plaintiff offered to show, went into possession, and so continued when suit was brought soon after default. Plaintiff offered to show that she was owner, and all the preliminary arrangements were made with her, and Rose signed as her agent, and it was so understood ; that, while the year was running, defendants applied to plaintiff to accept a surrender, and put in another tenant.

The circuit court of Ionia county held the lease void for want of written authority in the agent, and directed a verdict for defendants. Plaintiff brings error.

We think this ruling was wrong on two grounds.

The lease, on its face, purports to be made by Rose; and if testimony is not allowed to dispute his being principal, the action lies by Mrs. Toan, as payee under the lease, to whom, and to whom alone, all the money was to be paid, and defendants directly and expressly promised to pay it to her. She, being the only person entitled, could sue in her own name without an assignment, and defendants, having enjoyed the property under the lease for a full year, cannot escape their promise to pay her : *Hopkins Manuf'g Co. v. Aurora F. & M. Ins. Co.*, 48 Mich. 148.

But we see no reason why it was not competent to show

that the lease was made on plaintiff's behalf by her agent. While the statute of frauds makes leases for more than one year invalid if the agent is not authorized in writing, yet, where the lessee has been put in possession, and has enjoyed the premises for a full year, the executed agreement is good for that period at least, and is not within the statute: *Norris v. Showerman*, 2 Doug. 27; *Switzer v. Gardner*, 41 Mich. 164. Had the property been surrendered when the year expired, that might bear upon liability for the second year, but it could not prevent liability for the rent already accrued, which is all that is involved in this suit.

Whether, therefore, she is treated as payee under Rose's lease, or as Rose's principal, makes no difference in the present action. The declaration shows what the lease was, and in whose name it was made, and discloses a good cause of action.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.