FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.

---

| 82  533 |
|152a 641 |

ANTHONY DEY, as Ancillary Executor, etc., of CHARLES S. SCOTT, Deceased, Plaintiff, *v.* FERDINAND GREENEBAUM, Defendant, Impleaded with Others.

*Landlord and tenant — presumption from the possession by a third person of the leased premises — effect of the reservation of a right of re-entry — request for the direction of a verdict, after one for the submission of a specific question.*

Where a person, other than a lessee, is shown to be in the possession of leased premises, paying rent therefor, the law will presume that the lease has been assigned to him. Such presumption may be rebutted by showing that a different relation exists between the person in possession of the leased premises and the lessee, such as that of sub-tenant, agent or occupant of a part of the premises under a license from the lessee, who retains the possession originally given to him by his lessor.

Where the lessee reserves to himself an interest in the premises, such as the right of re-entry for breach of covenants, there is no such devolution of title as will create a privity of estate between the original lessor and the sub-lessee.

Where a lease prohibits an assignment or underletting of the leased premises, the presumption is that a person, other than the lessee, in the possession thereof, occupies the same lawfully, and, in the absence of evidence to the contrary, it may be assumed that he occupies under the lessee pursuant to a license.

The request by the defendant in an action that a verdict be directed in his favor, does not submit all questions of fact to the court, where, before the plaintiff asked for a direction of a verdict in his favor, and before the court had passed upon the question, the defendant asked leave to go to the jury upon a specific question of fact.

Motion by the defendant, Ferdinand Greenebaum, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury in favor of the plaintiff rendered by direction of the court on the 13th day of June, 1894, after a trial at the New York Circuit.

*L. S. Hulse*, for the plaintiff.

*Charles Goldzier*, for the defendant.

Parker, J. :

Judgment was taken against two of the defendants, Bernard C. Cunningham and Max J. Marks, on default. The third defendant, Ferdinand Greenebaum, answered.

The action is brought to recover judgment for the alleged breach of covenants contained in a lease of premises made by plaintiff's testator to Cunningham and Marks.

The provision in the lease relating to such covenants is as follows : " The said parties of the second part hereby covenant and agree that for and in consideration of the reduced rent at which said premises are leased, and the allowance of two months before the payment of rent shall commence, to take the said premises in their present condition, and at their own sole cost and expense to put said premises in substantial, thorough and perfect repair by repairing the brick work where necessary, putting an entire new roof (including beams and planking) on extended part of building, repair and put in good order the floor of the second story of said building and a new floor in main part of first story of said building (over cellar).

Also, to put new leader from the roof of said building, and connect same with sewer pipe in cellar. And also, to make and do any and all other repairs which may be necessary or required. And to keep the said premises in thorough repair during the continuance of this lease at their own sole cost and expense without calling upon or requiring the party of the first part to do anything."

The defendant Greenebaum was not a party to the lease. After its execution, Cunningham and Marks entered into possession of the premises, which were used by them in their business, which was that of manufacturing extracts and sugar coloring. They formed a partnership with James M. Rorke, who put in the business a certain amount of money, advanced to him by the defendant Greenebaum. Subsequently Cunningham and Rorke went out of the business, and Greenebaum purchased an interest therein. He was at the time, and continued to be, engaged in other business, and, according to his testimony, he never saw the building which was the subject of the lease, nor the lease itself, which he says was never spoken of to him by either of the lessees. But the plaintiff has recovered a judgment against him on the ground that the covenant to repair contained in the lease is one running with the land, which would bind an assignee upon an assignment of it to him, defendant being held to be such an assignee because of his alleged possession of the premises.

The rule undoubtedly is, that where a person other than the lessee is shown to be in possession of leased premises, paying rent therefor, the law will presume that the lease has been assigned to him. (*Armstrong* v. *Wheeler*, 9 Cow. 88; *Bedford* v. *Terhune*, 30 N. Y. 453; *Stewart* v. *L. I. R. R. Co.*, 102 id. 601.

This presumption may be overthrown by showing that a different relation exists between himself and the lessee, such as sub-tenant, agent or occupant of a part of the premises under a license from the lessee who retains the possession originally given him by his lessor, etc. It has been held that where the lessee reserves to himself an interest in the premises, such as the right of re-entry for a breach of covenants, there is no such devolution of title as will create a privity of estate between the original lessor and sub-lessee. (*Ganson* v. *Tifft*, 71 N. Y. 55; *Collins* v. *Hasbrouck*, 56 id. 157.)

In all of the cases to which our attention has been called, in which the presumption of assignment was said to arise, the original lessee

had gone out of possession, in which he was succeeded by the person sought to be charged as assignee.

In this case the premises were leased to Max J. Marks and Bernard C. Cunningham, who entered into possession, and Marks thereafter continued in possession until the end of the term.

The lease prohibits an assignment or underletting, and since the presumption is that the defendant occupied lawfully (*Frank* v. *Erie & Gen. Val. R. R. Co.*, 122 N. Y. 197), it would seem to be proper to assume, in the absence of evidence to the contrary, that he occupied under both tenants in common pursuant to a license.

The defendant Greenebaum's relation to the matter, as told by himself and Rorke, was that Rorke, desiring to go into business with Marks and Cunningham, Greenebaum advanced him money for the purpose, and subsequently purchased his interest, Cunningham and Rorke going out. That nothing was said to him about a lease; that he never saw it or the premises covered by it, his personal attention being given to another business, and that the lease was not in fact assigned to him.

But assuming that Greenebaum's membership in a firm occupying premises leased by one of the firm and another person prior to Greenebaum's becoming connected with such lessee in business, raised a presumption of an assignment of the lease to Greenebaum, then, we think, defendant's evidence presented a question for the jury as to the character of the occupancy.

It has been repeatedly held that the presumption of an assignment arising from occupancy may be rebutted. (*Welsh* v. *Schuyler*, 6 Daly, 412; *Quackenboss* v. *Clarke*, 12 Wend. 555; *Astor* v. *Lent*, 6 Bosw. 617; *Mason* v. *Breslin*, 40 How. 436.)

The case of *Frank* v. *Erie & Gen. Val. R. R. Co.* (*supra*) is cited by the plaintiff as in conflict with these authorities. The court said: "It is claimed that the supposed assignee may rebut this presumption by proving that he never had any assignment, and there is authority for the position. This, we think, is open to question, provided proof of that fact involves proof of entry without right or as a trespasser."

The court intimates that these cases might, perhaps, be questioned in so far as they may be said to authorize proof of a wrongful entry in rebuttal of the presumption. But the suggested limi-

tation has no application in this case. The evidence offered by the defendant tends to show an occupation conjointly with one of the original lessees, and in view of their relations as described in the evidence presumptively with his permission.

Plaintiff's first point is that the defendant's counsel, by asking for a direction of a verdict in his favor, submitted all questions of fact to the court.

But that rule has no application to this case, because before the plaintiff had asked for a direction in his favor, and necessarily before the court had passed on the question, the defendant asked leave to go to the jury "upon the question of fact whether or not the defendant had an assignment of this lease and assumed any of its obligations."

The court denied the motion and allowed an exception.

After that the plaintiff asked for and obtained a direction in his favor.

The defendant's exceptions should be sustained and a new trial ordered, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Defendant's exceptions sustained, new trial ordered, with costs to defendant to abide event.