Argued February 20, decided March 5, 1912.

## LEADBETTER *v.* PEWTHERER.

[121 Pac. 799.]

LANDLORD AND TENANT—ASSIGNMENT OF LEASE.

1. A chattel mortgagee of a lessee of a hotel took possession under the mortgage of the furniture and premises with knowledge of the lease and paid rent to the lessor as stipulated in the lease. There was evidence that the lessee and the mortgagee had been in partnership in the furniture and occupation of the premises beginning shortly after the date of the lease, and that the lessee turned over to the mortgagee his half of the furniture and premises. *Held*, that the mortgagee was an assignee of the lease under a parol assignment and bound by its terms.

LANDLORD AND TENANT—LEASE—ASSIGNMENT.

2. Where a person other than the lessee is in possession of premises paying rent, the law presumes that the lease has been assigned to him; but the presumption may be overthrown by proof that a different relation exists between himself and the lessee.

LANDLORD AND TENANT—PAYMENT OF RENT—PRESUMPTIONS.

3. The disputable presumption created by Section 799, subd. 10, L. O. L., that former rent has been paid when a receipt for later is produced, is overcome by proof that the former installments of rent were not fully paid.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by F. W. Leadbetter against L. Pewtherer and W. W. Raymond to recover $1,700 alleged

to be due as rent under a lease. On December 3, 1906, plaintiff leased to defendant Pewtherer for a period of three years, from January 1, 1907, certain premises in Portland, known as the "Ohio Hotel," at the rental of $150 per month for the first six months; $250 per month for the second six months; $350 per month for the second year; and $400 per month for the third year. Pewtherer occupied thereunder until January 12, 1908. At that time the defendant Raymond, who had as surety for Pewtherer paid a large sum of money for him for which the creditor held a chattel mortgage on the furniture in the hotel, took possession of the furniture and premises, and Pewtherer surrendered to him. Thereafter Raymond occupied the premises until October, 1909, and paid the rent according to the terms of the lease until March 1, 1909, at which time he complained to Helgestad, a clerk for plaintiff who collected the rent, that the rent was too high and demanded that it be reduced to $200 per month. No agreement with plaintiff to that effect was reached. Each month after March, 1909, until July, he paid $200 and directed that it be applied upon the current month. Plaintiff refused to so apply it and credited it on the back rent. In July, 1909, defendant paid $200 and demanded that it be applied on that month's rent, and the clerk gave him a receipt in the following words:

"Portland, Oregon, 7| 17|'09.
"Received from W. W. Raymond two hundred and no one-hundredths dollars for rent on account of Hotel Ohio for the month of July, 1909.
"O. L. Price, per M. H."

On that date Price, plaintiff's agent, by letter duly mailed, notified Raymond that he would not permit the same to be applied that way and that he would hold the $200 subject to Raymond's disposal. Raymond denies having received that letter. On the trial Pewtherer made default, and judgment was rendered against him. Find-

ings were made and judgment rendered in favor of plaintiff for the amount sued for.   Defendant appeals.

AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. Walter S. Hufford.*

For respondent there was a brief over the names of *Messrs. O. L. Price & D. P. Price,* with an oral argument by *Mr. D. P. Price.*

Opinion by MR. CHIEF JUSTICE EAKIN.

There are but two assignments of error: (1) That the court erred in denying defendants' motion for nonsuit based upon the insufficiency of evidence to support a judgment; (2) that the court erred in rendering judgment against defendants for more than $500 admitted to be due.   Both of these assignments depend upon whether the evidence was sufficient to be submitted to the jury. The defect in the evidence urged is that it failed to show that defendant was liable for the rent at the rate specified in the lease for the reason that there was no written assignment of it and that there was an agreement between plaintiff and defendant, reducing the rent to $200 per month.

1. First, we must determine what relation Raymond bore to the lease or the lessor.   Defendant contends that as the lease was not assigned to him he had no contractual relation with plaintiff, and therefore was entitled to a judgment of nonsuit; plaintiff's remedy being only for a reasonable rental.   On January 12, 1908, according to his own testimony, defendant Raymond, under his chattel mortgage, took possession of the furniture and premises with knowledge of the lease and its terms.   By Pewtherer's testimony Raymond had been in partnership with him in the furniture and occupation of the premises, beginning two or three months after the date of the lease, and on January 12, 1909, Pewtherer sold and turned over

to defendant Raymond the other half of the furniture and the premises, and for 15 months thereafter he continued to occupy the premises and paid the rent to plaintiff, as stipulated in the lease. The result of this state of facts was that defendant Raymond was the occupant of the premises as the assignee of the lease under a parol assignment.

2. "Where a person, other than the lessee, is shown to be in possession of leased premises, paying rent therefor, the law will presume that the lease has been assigned to him. * * This presumption may be overthrown by showing that a different relation exists between himself and the lessee, such as subtenant, agent, or occupant of a part of the premises under a license from the lessee who retains the possession originally given him by his lessor." *Dey* v. *Greenbaum,* 82 Hun, 533, 535 (31 N. Y. Supp. 610: [affirmed in 152 N. Y. 641]: 46 N. E. 1146). See, also, McAdam, Landlord & Tenant, p. 554, and cases there cited; 24 Cyc. 1016, 1181; 1 Tiffany, Landlord & Tenant, p. 950.

The effect of the dealings between Raymond and Pewtherer is that the former took possession of the property under the lease by authority of the lessee and the consent of the lessor and paid the stipulated rent for a portion of the time he occupied. This cannot amount to or be shown to establish a formal assignment, for the purpose of binding defendant by the covenants of the lease; but it is an oral assignment, and when he enters and is recognized thereunder by the lessor he becomes liable for the rental specified therein.

In *Webster* v. *Nichols,* 104 Ill. 160, where ground was leased for a term of seven years upon which to erect dwellings, the lessee erected the dwellings, sold them, and gave possession under the lease. The assignment of the lease was by parol if, in fact, anything was said about it; but the assignee entered and paid the rent for some time under the lease, and it was held that he was an assignee of the lease and bound for the stipulated rent for the time

he occupied. This decision is cited with approval in *Chicago Attachment Co.* v. *Davis Sewing Machine Co.,* 142 Ill. 171 (31 N. E. 438: 15 L. R. A. 754), the court saying that the assignee had enjoyed the entire term, and the suit was not to recover rent for a term during which the premises were not occupied by the assignee. The former case was in equity, but it is stated in the opinion that, if the object had been to collect only the rent, equity would have had no jurisdiction; the remedy would have been complete at law, but foreclosure of a lien had been asked for. The latter case is distinguished because it was to recover for rent accruing after the assignee had abandoned the premises.

In *Marr* v. *Ray,* 151 Ill. 340 (37 N. E. 1029: 26 L. R. A. 799), it is held that if there has been an entry and occupation under an agreement, which is invalid under the statute of frauds, the agreement regulates the terms of the rent during the time occupied. See, also, to the same effect *Reeder* v. *Sayre,* 70 N. Y. 180 (26 Am. Rep. 567); *Union Bkg. Co.* v. *Gittings,* 45 Md. 181; *Evans* v. *Winona Lbr. Co.,* 30 Minn. 515 (16 N. W. 404).

In the case of *Rothschild* v. *Hudson,* 8 Ohio Dec. 259 (reprint) the lessee assigned to Warner. Rothschild was sued for the rent for the time he occupied. The jury was instructed that if they found that Rothschild was the beneficial party to whom the lease was assigned, instead of the party named in the assignment, they might find against him, if they found he was in possession during the time the rent accrued. It was held that the instruction was proper for the reason that he was the equitable owner and actually occupied.

There are many cases holding that, where a lease or its assignment is void under the statute of frauds, yet the lessee or assignee is liable for the rent stipulated in the lease for the time that he occupied. In *Edwards & McKibben* v. *Clemons & Crozier,* 24 Wend. 480, 483, it is said:

·"The lease was in itself void, as being a parol one for four years. But the plaintiffs actually entered and enjoyed for one year. The entry and enjoyment would alone have made them liable for use and occupation, and the parol agreement would have shown the amount to be recovered. * * It follows that the parol agreement, though void as a lease, may yet be resorted to as evidence to make the rent for the year certain, and thus confer a right of distress on the landlord."

To the same effect are 2 Taylor, Landlord & Tenant, §§ 427, 428; *Roberts* v. *Tennell,* 19 Ky. 247; *Crawford* v. *Jones,* 54 Ala. 459; *Smith* v. *Pritchett,* 98 Ala. 649 (13 South. 569); *Nash* v. *Berkmeir,* 83 Ind. 537; *Inhabitants of Eastham* v. *Anderson,* 119 Mass. 526; *Toan* v. *Pline,* 60 Mich. 385 (27 N. W. 557); *Arbenz* v. *Exley, Watkins & Co.,* 52 W. Va. 476 (44 S. E. 149: 61 L. R. A. 957); *Astor* v. *Lent,* 6 Bosw. N. Y. 612.

It is stated in Tiffany, Landlord & Tenant, p. 254, that:

"If the lessee enters under a lease within the statute, he becomes liable for the value of his use and occupation, * * and the recovery in such action will, it is said, be measured by the amount of rent agreed on, if there was any agreement in this regard. * * It seems that the fact that the lessee, after entering, pays the rent at the rate named, and that such payment is accepted, is evidence of an actual demise at such rent, and that the rent may be recovered in an action of debt or special assumpsit as well as in an action for use and occupation."

In McAdam, Landlord & Tenant, 433, it is said "that one who enters upon the use of another's property, with full knowledge of the rent demanded therefor, is under contract obligation to pay such rent." See, also, page 852; *Dey* v. *Greenbaum,* 82 Hun, 533 (31 N. Y. Supp. 610; [affirmed in 152 N. Y. 641]: 46 N. E. 1146).

3. As to whether there was an agreement between plaintiff and defendant, reducing the rent, it may be said that the clerk who collected the rent denies that he promised any reduction of rent; but he had no author-

ity to make any such agreement for plaintiff and Price, the agent of plaintiff, refused to make any such reduction. Giving the defendant the benefit of the disputtable presumption "that former rent or installments of a debt have been paid when a receipt for later is produced," Section 799, subd. 10, L. O. L., still is is unpuestioned that the former installments stipulated in the lease were not fully paid, and therefore the presumption is overcome.

Judgment is affirmed.                                   AFFIRMED.