### LANDAUER v. LITTMAN et al.

#### (Supreme Court, Appellate Term.    May 3, 1912.)

1. PARTNERSHIP (§ 146*)—REPRESENTATION BY PARTNER—NEGOTIABLE INSTRUMENT.

Where a note, signed in a partnership name, was given in part renewal of an individual note of one of the partners, given several months prior to the formation of the partnership, and was not shown to be for its benefit, no recovery thereon against the members of the partnership, other than the signer, was warranted.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 242–255; Dec. Dig. § 146.*]

2. LANDLORD AND TENANT (§ 80½*)—ASSIGNMENT OF LEASE—IMPLIED ASSIGNMENT.

An assignment of a lease, which has more than 1½ years to run, will not be implied from the fact that during the term of the lessee another is also in possession of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mamie Landauer against Sam Littman and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Bernard Gordon, of New York City, for appellants.

James, Schell & Elkus, of New York City (Joseph M. Proskauer and William B. Devoe, both of New York City, of counsel), for respondent.

BIJUR, J.    Plaintiff sues on two causes of action:    (1) A note for $237.50, dated July 6, 1911, due one month after date, and signed "S. Littman & Co."    (2) Rent, $162.52, due August 1st, for the month of August, 1911, of a loft in plaintiff's building, alleged to have been occupied by defendants.

[1] It appeared without contradiction that the note in suit was given in part renewal of a previous note to plaintiff, dated March 2, 1911, for $487.50, due four months after date, and signed by S. Littman individually, and that this note was for rent of the same loft for the months of April, May, and June, and that it was given at least several months prior to the formation of any partnership with the other defendants. Under these circumstances, the burden fell upon plaintiff to show that the firm note sued upon, and which was admittedly signed and given by defendant, Sam Littman, was for the benefit of the partnership, a fact which, it may as well be pointed out, seems to be practically impossible of proof on the record. As the testimony stood at the close of plaintiff's case, there should have been a direction of a verdict in favor of the two defendants other than

Sam Littman on this cause of action. Smith v. Weston, 159 N. Y. 195, 198, 54 N. E. 38.

[2] As to the second cause of action, plaintiff admitted that there was no written assignment of the lease, which still had about a year and a half to run, but sought to charge the partnership on some theory of an implied assignment. I know of no authority for holding that, where the sole fact that appears is that during the term of a lessee some one else is also in possession of the premises, an assignment from the lessee to the other party will be implied. The rule is the contrary. Dey v. Greenbaum, 82 Hun, 533, 31 N. Y. Supp. 610, affirmed 152 N. Y. 641, 46 N. E. 1146; and this apart from any question as to the need of a written assignment under the statute of frauds for a lease having more than one year to run. There should, therefore, have been a similar direction of a verdict in favor of the defendants other than Sam Littman as to the second cause of action.

There are a number of other errors in the matter of exclusion and admission of evidence and in the charge, over defendants' objection and exception, which would also require reversal.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.

LEHMAN, J., concurs. GUY, J., concurs in the result.