Argued July 8, affirmed July 30, rehearing denied September 21, 1915.

# HOTEL MARION CO. v. WATERS.*

(150 Pac. 865.)

**Appeal and Error—Verdict—Special Findings—Evidence.**

1. A general verdict in harmony with special findings is conclusive on appeal, where there was some evidence in support of each finding.

**Landlord and Tenant—Action for Rent—Evidence—Receipts.**

2. Where, in an action for rent, plaintiff denied having accepted or recognized as a tenant a person to whom defendant sublet the premises, and introduced evidence to explain receipts given by it to the subtenant, such receipts, on being offered by defendant, were properly admitted in evidence.

> [As to acceptance of rent as waiver of breach of covenant against assignment or subletting, see note in **Ann. Cas. 1913A,** 1202.]

**Evidence—Parol—Assignment of Lease.**

3. In an action for rent, parol evidence of an assignment of the lease to a third person was admissible to show the relation and understanding of the parties.

**Landlord and Tenant—Action for Rent—Surrender of Lease—Instruction.**

4. Where, in an action for rent, defendant contended that there had been a surrender of the lease by operation of law, a requested instruction implying that to constitute a surrender there must be an express agreement of the parties was properly refused.

**Landlord and Tenant—Eviction—Intent.**

5. Where the action of a landlord constituted an interference with the tenant's enjoyment of the premises, the intent with which the landlord acted was immaterial to the question whether such interference constituted an eviction.

**Landlord and Tenant—"Eviction"—Act of Permanent Character.**

6. To constitute "eviction" of a tenant by act of the landlord, the act need not be of a permanent character, but it is sufficient that it deprive the tenant of the free enjoyment of the premises or some part thereof or appurtenances thereto.

**Landlord and Tenant—Eviction—Question for Jury.**

7. In an action for rent, the question whether acts complained of by defendant must have persisted at the moment of actual abandonment in order to constitute an eviction was for the jury.

> [As to what may amount to eviction, see note in **17 Am. Rep.** 62.

---

*As to effect of partial eviction upon liability for rent, see notes in **17 L. R. A.** 275; **41 L. R. A.** (N. S.) 430.          REPORTER.

Appeal and Error—Harmless Error—Refusal of Instruction.

8. In an action for rent, the erroneous refusal of an instruction, that a notice given by defendant could not be construed as a notice to terminate the tenancy unless defendant was the tenant at the time it was given, was harmless, where it appeared that the question of such notice was immaterial and not considered by the jury, and that no material injury resulted.

From Marion: PERCY R. KELLY, Judge.

Department 1.    Statement by MR. JUSTICE BENSON.

This is an action by the Hotel Marion Company, a corporation, against George E. Waters, to recover rent pursuant to the terms of a written lease.    The allegations of the complaint are that on the 18th day of July, 1912, plaintiff leased to defendant a room in the Hotel Marion, being the first floor and basement south of the room occupied by plaintiff as a bar, for a term beginning January 1, 1912, and ending January 1, 1915; that plaintiff put defendant into possession of the premises and has ever since maintained the same in a suitable condition for the occupancy of defendant and has duly performed all covenants by it to be performed.    Then follow the usual allegations of default in payment of rent and a prayer for judgment.    The answer, so far as it is of interest in this discussion, consists of a plea in estoppel alleging that the demised premises had been especially constructed and equipped for use as a billiard-hall and poolroom, and that, in order to increase the patronage and volume of business therein, it was stipulated in the lease that an archway should be opened between the billiard-hall and the barroom; that such archway was opened as a convenient means of access from the hotel and barroom thereto; that on March 7, 1913, defendant assigned the lease to Walter L. Tooze, who immediately went into possession and retained the same until about February 1, 1914; that

plaintiff accepted said Tooze as a tenant who paid the rent to plaintiff as reserved in the lease and the latter accepted the rent so paid; that on November 29, 1913, plaintiff closed and walled up the archway, thereby depriving Tooze and his patrons of a convenient means of ingress and egress and depriving Tooze of the business derived from the guests of the hotel; that on or about February 1, 1914, Tooze gave up possession of the demised premises to plaintiff, who accepted the same, entered into possession, has since leased the property to other parties, receiving compensation therefor, and is now occupying the same. The reply is a general denial. A trial was had resulting in a verdict and judgment for defendant, and plaintiff appeals.        AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. Thomas Brown.*

MR. JUSTICE BENSON delivered the opinion of the court.

It will be seen at once that the questions involved are reducible to two: (1) Was there a surrender of the leasehold by the transfer of possession by defendant to Tooze, and an acceptance of the latter as a tenant by plaintiff? And (2) was there a constructive eviction of Tooze by the act of plaintiff in boarding up the archway? These questions were submitted to the jury and were both answered in the affirmative. The following questions were submitted to the jury for special findings at the request of the plaintiff and were answered as follows:

"Did the defendant assign the lease in question to Walter L. Tooze? Answer yes or no.

"Yes.

"Did the said Walter L. Tooze accept said assignment and take possession under the same? Answer yes or no.

"Yes.

"Did plaintiff herein know of this condition and assignment? Answer yes or no.

"Yes.

"Did the plaintiff knowingly accept the said Walter L. Tooze in place of the defendant herein as a tenant under and by virtue of the terms of the lease in question? Answer yes or no.

"Yes."

1. The general verdict was in harmony with these findings, and is therefore conclusive unless there is a total absence of evidence to support some material fact therein, or some necessary fact is sought to be established by incompetent evidence, or unless the matter was submitted to the jury under erroneous instructions. As to the first, it is enough to say that the record discloses some evidence in support of each of these findings.

2. Counsel for plaintiff contends that the court erred in admitting certain receipts for rent, all of which were alike except as to dates, one of which reads as follows:

"Hotel Marion Co., J. E. Crowe, Manager, Salem, Oregon, 7–26–1913. M— W. L. Tooze, Rent Poolroom, Aug. 13, $60.00. Paid. Hotel Marion Co., E. S. Springer."

This contention is not tenable in the face of the fact that plaintiff was insisting that it had never accepted or recognized Tooze as a tenant, and, while evidence was introduced by the former for the purpose of explaining the object and effect of these receipts, they

were certainly competent evidence to be weighed by the jury.

3. The next assignment is to the effect that error was committed in permitting the defendant to introduce parol evidence of the assignment of the lease to Tooze. It is true that such evidence would not be admissible for the purpose of establishing the terms of the lease or for the enforcement of a covenant therein contained; but, when a party has gone into possession under an oral assignment, parol evidence thereof is admissible for the purpose of showing the relation and understanding of the parties: *Leadbetter* v. *Pewtherer,* 61 Or. 168 (121 Pac. 799, Ann. Cas. 1914B, 464); *Crommelin* v. *Thiess,* 31 Ala. 412 (70 Am. Dec. 499).

4. The next assignment is based upon the refusal of the court to give the following instruction requested by the plaintiff:

"The lease in question between the parties herein is admitted and there is no issue upon that matter. It is further admitted that defendant has not paid his rent under the terms of said lease for the months of February, March, and April for the year 1914, and upon that matter there is no issue herein. The only issues which we are called upon to consider are those raised by the defendant's answer, and upon those issues defendant has the burden of proving the allegations of his answer by a preponderance of the testimony.

"The defendant claims in his answer that plaintiff cannot recover for the rent which he admits is not paid for the reason that one Tooze mentioned herein was his sublessee and surrendered the premises to the plaintiff herein and that plaintiff accepted the premises and has used them since that time. In order to constitute a surrender, I instruct you that it is the law of this case that the plaintiff herein received and accepted the premises and that there must have been

some agreement whereby it was understood that this lease should be terminated. This agreement need not be in these exact words; but if Tooze surrendered the possession of the premises to plaintiff, and if plaintiff occupied those premises and took possession with the understanding that by doing so the lease herein was being terminated, that is sufficient, but nothing short of such an understanding is sufficient.''

This instruction would be good if it did not imply that there must be an express agreement of the parties to a surrender. We do not, however, so understand the law. The defendant never contended that there was an express agreement, but that there was a surrender by operation of law. McAdam on Landlord and Tenant, Volume 2, page 1347, says:

''A surrender in law is where the parties, without any express surrender, do an act so inconsistent with the subsisting relation of landlord and tenant, as to imply an intention that the lessor should be in the same situation as if an express surrender had been made. A surrender of a lease by operation of law may arise from any condition of facts voluntarily assumed by the parties and incompatible with the continued existence of the relation of landlord and tenant between them.''

In the case of *Stimmel* v. *Waters,* 65 Ky. (2 Bush) 285, the court says:

''It is certainly true, as a proposition of law, that if appellee accepted Mrs. Bryant as his immediate tenant or lessee while she was in possession, and recognized her as his tenant, he thereby discharged Stimmel, his original lessee, and he could not properly be made responsible for rent which might accrue after such acceptance.''

In the case of *Bowen* v. *Haskell,* 53 Minn. 480, at page 482 (55 N. W. 629), the same doctrine is expressed thus:

"Again, when the original lessors consented to a sale and transfer of all rights and interest which Haskell has acquired under the lease—and assignment of it, practically—to Chambers, and accepted the latter as their tenant in lieu of Haskell, the relations which had theretofore existed between the latter and his landlords terminated. There was a surrender of the lease held by Haskell, by operation of law, arising from a condition of facts voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between the parties."

We therefore conclude that the instruction was properly refused.

5. We shall consider assignments numbered 6, 7, 8 and 9 together, as they consist of the court's refusal to give certain instructions which it is unnecessary to set out in full. These requests are based upon the theory that to constitute an eviction the acts of the landlord must be permanent in their character and that they were done with the intent to deprive the tenant of the beneficial enjoyment of the property. Upon these questions an examination of the authorities discloses a wide diversity of judicial opinion, but we think that, except in certain cases where the intent of the landlord is valuable in determining the nature of the acts performed, the intent is immaterial, since the vital fact to be determined is the interference with the tenant's beneficial enjoyment of the premises. And in the case at bar, if the action of the landlord did work such an interference, the intent with which he acted is of no importance.

6. As to the permanence of the acts complained of, there is an equally wide divergence of opinion; but we adopt the doctrine expressed by the court in the case of *Edmison* v. *Lowry,* 3 S. D. 77, at page 81 (52 N. W.

583, at page 584, 17 L. R. A. 275, at page 278, 44 Am. St. Rep. 774, at page 776), in which the following instruction is approved:

"As to the matter of eviction. It is not necessary there should be any act of a permanent character, but any act which has the effect of depriving a tenant of the free enjoyment of the premises, or any part thereof, or any appurtenances pertaining to these premises, must be treated as an eviction; and I charge you that any act of the plaintiffs which has deprived the defendant of the enjoyment of the free right pertaining to and belonging to him as tenant may be treated as an eviction."

This doctrine has also been approved by the Supreme Court of Washington in the case of *Wusthoff* v. *Schwartz,* 32 Wash. 337 (73 Pac. 407).

7. As to whether or not the offensive acts of which complaint is made should persist at the moment of actual abandonment would depend upon the circumstances and facts of the individual case and it should be left to the jury to determine. We conclude, therefore, that these instructions were properly refused.

8. Assignment No. 11 relates to the refusal of the following requested instruction:

"In construing the notice which defendant herein gave to plaintiff regarding the archway, I instruct you that this cannot be construed as a notice to terminate the tenancy unless you find that defendant was the lessee at that time. In other words, defendant cannot claim to be terminating any relation with the plaintiff and at the same time claim that he had assigned the lease in question and that no relationship existed between him and plaintiff. Such propositions are inconsistent and cannot be maintained."

This instruction is correct and should have been given; but, as the question of such notice was imma-

77 Or.—28

terial and clearly did not figure in the deliberation of the jury, no material injury could result. Assignment No. 10 is covered by the discussion of assignment No. 4.

As to the instructions given by the court, we find them to be fair and a correct statement of the law. Finding no substantial error in the record, the judgment of the trial court is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

---

Motion for injunction pending appeal granted March 30, 1915.
Petition to admit ordinance in evidence denied March 30, 1915.
Argued on the merits June 24, remanded July 13, 1915.
Petition for rehearing denied September 21, 1915.