MUTUAL REAL ESTATE COMPANY, Appellant, *v.* HARRY ROSEN-WASSER and MORRIS ROSENWASSER, Doing Business under the Firm Name and Style of ROSENWASSER BROS., Respondents.

First Department, May 4, 1917.

Landlord and tenant — contract — assignment of assets and lease — assumption of liability for rent and water charges — presumption of assignment from possession of premises and payment of rent.

A complaint, in an action by a lessor to recover rent and water charges claimed to be due from the defendants, alleged *first*, that the defendants assumed and promised to pay and discharge all the obligations of the lessee including the liability to pay rent and water taxes due and to become due under the lease, in consideration of said lessee transferring unto the defendants all of its property and assets, including the lease, and *second*, that said lessee made the assignment; that defendants accepted the same and entered upon the demised premises. The plaintiff then alleged non-payment of the rent and water charges. The defendants denied that they had either assumed to pay the rent under the lease or accepted any assignment thereof. The plaintiff served a bill of particulars setting forth that the agreement and assignment relied on as a basis for both claims were partly in writing, and annexed a copy of the instruments which it offered in evidence upon the trial.

Provisions of the written instrument and evidence examined, and *held*, insufficient to establish either cause of action alleged.

The fact that the defendants were in possession of the premises and paid some part of the rent thereof, does not raise a presumption that the

lease had been assigned to them, which is available to the plaintiff, as it did not rely upon such presumption but based its right of action upon the written instrument which not only rebuts any presumption of a valid assignment, but it affirmatively appears therefrom, as a matter of law, that defendants neither assumed any liability upon the lease nor accepted any assignment thereof.

APPEAL by the plaintiff, Mutual Real Estate Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 24th day of October, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*William H. Milholland* [*Achilles H. Kohn* with him on the brief], for the appellant.

*Meyer Kraushaar*, for the respondents.

DOWLING, J.:

This action is brought to recover the sum of $1,285.26, whereof a part, amounting to $1,100, is for rent claimed to be due from defendants for the first loft of the premises 472 Broadway in the city of New York for the months of October, November and December, 1914, and January, 1915, the balance being for the proportionate share of the water rents of said premises up to January 21, 1915. The complaint sets forth two causes of action. It appears therefrom (and from the proof) that on July 15, 1912, plaintiff leased to Leo Rosenwasser & Co., Inc. (a domestic corporation), the first loft of the building 472 Broadway and 30 Crosby street in the city of New York for the term of two years, beginning February 1, 1913, at the yearly rental of $3,300, payable in equal monthly installments in advance, besides one-fifth of all Croton water rents charged against the building during the term. Leo Rosenwasser & Co., Inc., entered into possession of the premises under the lease. The complaint then sets forth as the basis of the claim against defendants in the first cause of action that they " assumed and promised to pay and discharge all the liabilities and obligations of said Leo Rosenwasser & Co., Inc., including the liability of said Leo Rosenwasser & Co., Inc., to pay rent and water taxes due and to become due under said lease, in consideration of said Leo Rosenwasser & Co., Inc., transferring, assigning and set-

ting over unto said defendants all of its property and assets of every name and kind, including the lease aforesaid, all of which were duly transferred, assigned and set over to said defendants by said Leo Rosenwasser & Co., Inc." The second cause of action sets forth that "on or about the 23rd day of July, 1913, said Leo Rosenwasser & Co., Inc., assigned all its interest in said lease and the unexpired term to the defendants herein; that said defendants herein accepted said assignment and thereupon entered upon the demised premises." The non-payment of the rent and water rate in suit was alleged. The defendants answered, denying that they had ever either assumed to pay the rent under the lease or accepted any assignment thereof, and further setting up the Statute of Frauds. The plaintiff served a bill of particulars wherein it set forth that the agreement and assignment relied on as the basis for both claims was "partly in writing," and annexed a copy of the instrument. Upon the trial plaintiff offered the writing in question in evidence, but failed to prove any agreement by defendants beyond the same. In that instrument it was recited that Leo Rosenwasser & Co., Inc. (the corporation) was about to discontinue business and wind up its affairs, and intended to transfer its assets to the firm of Rosenwasser Bros. (these defendants) for the purpose of paying its merchandise creditors and promissory notes in an amount not exceeding $52,000, on certain of which promissory notes L. B. Wasserstrom was an indorser, who agreed to make certain payments by promissory notes to Rosenwasser Bros. Wherefore the corporation granted and conveyed to the firm "all its outstanding accounts, goods, wares, merchandise, machinery, fixtures, money in bank and deposit in Gas Co., for the purpose of paying the merchandise creditors of the party of the first part in full, and discharging the promissory notes aforesaid." The firm agreed "to pay each and every creditor of the party of the first part the amount due to each of them, as shown by the books of the party of the first part, as soon as the outstanding accounts are collected, and also to pay the promissory notes hereinbefore described," and further agreed to secure the return to Wasserstrom of his notes. It appeared upon the trial that defendants were themselves the lessees

of the second, third and fourth lofts in the same building and had paid their own rent in full, as well as a number of months' rent for the first loft by their checks either drawn directly to the order of plaintiff's agents or to the order of Leo Rosenwasser & Co., Inc., and by it indorsed to the agents. At the close of plaintiff's case it had entirely failed to establish either cause of action sued on. The agreement between the corporation and the firm had no reference to the lease of the premises in question. The corporation did not assign the lease to the firm. The property transferred is specifically enumerated and the lease is not included therein. The assets transferred were to be used to pay only the merchandise creditors and the holders of the promissory notes; the plaintiff's claim for rent comes within neither catagory. Neither by agreement nor assignment did defendants ever assume the corporation's lease nor agree to pay the rent reserved thereunder, and plaintiff, therefore, failed to establish either cause of action. But plaintiff now claims that as defendants were in possession of the premises and paid some part of the rent therefor, the presumption is that the lease had been assigned to the defendants. (Citing *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197; *Benoliel* v. *New York & Brooklyn Brewing Co.*, 144 App. Div. 651; *Dey* v. *Greenebaum*, 82 Hun, 533.) The answer to this is, that plaintiff did not rely upon such legal presumption, but set forth in its complaint, as limited by its bill of particulars, and introduced in evidence upon the trial the very instrument upon which it declares that liability is to be predicated against defendants, and by that instrument not only is any presumption of a valid assignment rebutted, but it affirmatively appears as a matter of law that defendants neither assumed any liability upon the lease nor accepted any assignment thereof.

The judgment appealed from will, therefore, be affirmed, with costs.

Clarke, P. J., Laughlin, Davis and Shearn, JJ., concurred.

Judgment affirmed, with costs.