Argued October 10, 1956, affirmed January 23, petition for
rehearing denied February 21, 1957

# QUINE ET UX *v.* SCONCE
## 306 P. 2d 420

*William D. Green, Jr.,* Roseburg, argued the cause and filed a brief for appellant.

*Ray B. Compton,* Roseburg, argued the cause and filed a brief for respondents.

Before WARNER\*, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY\*\* and McALLISTER, Justices.

McALLISTER, J.

This is an action of ejectment by Herbert D. Quine and Lois M. Quine, co-partners doing business under the firm name of Quine and Company, against Lloyd J. Sconce and H. J. Winter to recover possession of a portion of a small office building on Cass street in Roseburg. The plaintiffs allege that they are the owners of an estate for years running to July 1, 1959 in the property; that they are entitled to the immediate possession thereof; and that the defendants wrongfully and unlawfully withhold the same from them to plaintiffs' damage in the sum of $1,000, which claim for damages was waived during the trial.

The defendant Sconce, answering separately, admitted the plaintiffs' legal title, denied their right to

---

\* Chief Justice when case argued.
\*\* Chief Justice when this decision was rendered.

possession and the wrongful withholding by the defendants and then by what is labeled a "first, further and separate answer and equitable defense for the purpose of equitable relief," alleged in substance that on or about July 1, 1949, the plaintiffs leased the real property in question to J. M. Housley and Leonora Housley for a term of ten years ending June 30, 1959 for a monthly rental of $75 per month; that on or about the 1st day of July, 1951, the said J. M. Housley and Leonora Housley assigned said lease to Gus F. Reynolds and H. J. Winter with the oral consent of the plaintiffs; that on or about August 1, 1952, Gus F. Reynolds assigned his interest in said lease to H. J. Winter with the oral consent of the plaintiffs; that on or about August 24, 1953, H. J. Winter assigned said lease to defendant Lloyd J. Sconce and Lucille D. Sconce, his wife, who now hold possession; that H. J. Winter and Gus F. Reynolds in reliance on the assignment of said lease to them and the oral consent thereto by the plaintiffs, made permanent improvements on the premises in the total value of $454.58; that the defendant Sconce and his predecessors in interest have duly performed all the conditions and terms of said lease agreement on their part to be performed and have paid the rental due or have duly tendered to said plaintiffs the rental due during the period of their occupancy and that by reason of said acts, plaintiffs have waived any and all rights that they may have had to recover possession of said premises and ought to be estopped from so doing.

In what is labeled a "second, further and separate answer and equitable defense and by way of counterclaim," the defendant Sconce repeats the allegations set out in his first affirmative answer and in addition alleges that he has no plain, speedy or adequate remedy

at law. The answer concludes with a prayer that the complaint be dismissed and that the plaintiffs be required to specifically perform said lease agreement.

In their reply to the answer of the defendant Sconce, the plaintiffs admitted the lease of said premises to the Housleys but denied all of the other allegations of Sconce's further and separate answers.

The defendant, H. J. Winter also filed an answer admitting the plaintiffs' legal title, denying their right to possession and in a further and separate answer, alleging in substance the lease of the property by the plaintiffs to the Housleys, the assignment of said lease to Gus F. Reynolds and H. J. Winter and the subsequent assignment by Gus F. Reynolds of his interest in the lease to Winter. Defendant Winter then alleged that he and his predecessors in interest have fully performed said lease, including the payment of rental and that he is in possession of said premises as the lessee under said lease.

The case was tried to the court without a jury. In his brief the defendant states that "the matter was tried as a suit in equity," and during the oral argument in this court, counsel for plaintiffs made a similar statement.

At the conclusion of the trial the court found that the allegations of plaintiffs' complaint were true and that except as to the execution of the lease from the Quines to the Housleys, the facts alleged in the affirmative answers of the defendant Sconce and of the defendant Winter were untrue and decreed that the Quines were entitled to the immediate possession of the property. From that decree the defendant Sconce alone has appealed. The only error assigned in the defendant's brief is that "The circuit court erred in decreeing

that plaintiffs were entitled to possession of the premises."

The proceeding for the recovery of possession of real property, as authorized by ORS 105.005, is an action at law. Although ORS 16.460 authorizes the setting up of equitable defenses in special proceedings as well as in ordinary actions, as held in *Leathers et ux. v. Peterson,* 195 Or 62, 244 P2d 619 and the cases therein cited, the distinction between actions at law and suits in equity is still preserved. The manner of proceeding where equitable defenses are set up in a law action is outlined in *Gellert v. Bank of California Nat. Assn.,* 107 Or 162, 214 P 377, and approved in *Share v. Williams et ux.,* 204 Or 664, 277 P2d 775. When the court found that the equitable defenses were insufficient or not sustained by the evidence it should have entered a decree dismissing the equitable defenses and thereafter proceeded with the action at law.

However, since no objection was made at any time by either party to the jurisdiction of the trial court to hear the matter as a suit in equity and since both parties by implication consented to try all of the issues before the court sitting in equity, we believe it advisable to dispose of this case upon its merits as was done in *Yellow Mfg. Accept. Corp. v. Bristol,* 193 Or 24, 236 P2d 939. As in that case, however, we wish to make it clear that we disapprove of the procedure followed by the trial court in this case.

From the evidence it appears that the Quines leased from the owners thereof an office building on Cass street in Roseburg for a term expiring on June 30, 1959, and themselves occupied approximately one-half of the said building as an office for their insurance agency. On July 1, 1949, the Quines leased to J. M. Housley and Leonora Housley the other half of said building for

a term expiring on June 30, 1959, at a rental of $75 per month. The lease contained a provision that the lessee should not "assign, sublet, or relet said premises or any part thereof without the written consent of the lessors first had and obtained." The Housleys used the portion of the building leased to them to carry on a real estate business under the name of Valley Real Estate.

On or about July 1, 1951, the Housleys sold the business and assigned the lease to Gus F. Reynolds and H. J. Winter who continued to carry on the business and pay the rental to the Quines. On or about August 1, 1952, Reynolds sold his interest in the business to Winter who continued the business until on or about August 24, 1953, when he sold out to defendant Sconce. The Quines did not consent in writing to the assignment by the Housleys to Reynolds and Winter or to the assignment by Reynolds of his interest to Winter, but in each instance accepted the rental from the new tenant with knowledge of the transfer and without objection of any kind. However, when Winter informed the Quines that he proposed to sell the business and assign the lease to Sconce, the Quines objected strenuously and at all times refused to consent to such assignment.

In his brief, the defendant contends that the condition in the lease against assignment without the written consent of the lessors was waived altogether by consent to the first assignment without any restrictions as to future assignments, citing 32 Am Jur 304, Landlord and Tenant § 342, but in our view of the case, it is not necessary to decide this point.

The evidence, including the testimony of the defendant, clearly shows that the lease was never assigned by Winter to Sconce. The contract signed by Winter

and Sconce under date of August 24, 1953, providing for the sale to Sconce of the business contained the following provision, "It is understood and agreed that the purchasers are not purchasing any part or portion of the existing lease hold."

As a witness, defendant admitted that Winter had not assigned the lease to him but contended that Winter had agreed to do so contingent upon a favorable termination of this litigation and the issuance to defendant of a real estate broker's license. The testimony of defendant included the following question and answer:

"Q. Do you claim the right of possession of that property today?

"A. I am in possession of the property and I will—when I get a decision from the court and my broker's license. Mr. Winter has agreed to sign over the lease and the trade name "Valley Real Estate" and I believe him."

██ Since the evidence affirmatively shows that the defendant is not an assignee of the lease, he is not entitled to the benefit of the rule stated in *Leadbetter v. Pewtherer*, 61 Or 168, 121 P 799, that "Where a person, other than the lessee, is shown to be in possession of leased premises, paying rent therefor, the law will presume that the lease has been assigned to him." The case relied upon by the defendant makes it quite clear that the presumption is a rebuttable one, and in this case it has been completely rebutted.

For the reasons stated above, the judgment is affirmed.