Argued September 8, reversed and remanded
for new trial November 20, 1975

GOAD, *Appellant, v.* MAXWELL ET AL,
*Respondents.*
GOAD, *Appellant, v.* MAXWELL ET AL,
*Respondents.*
542 P2d 488

*Morton A. Winkel,* Portland, argued the cause and filed briefs for appellants.

*Dale A. Rader* and *Alan K. Brickley,* Portland, argued the cause for respondents. With them on the briefs were David C. Bond and Peterson, Susak & Peterson, P.C., Portland.

DENECKE, J.

The plaintiffs-lessees brought these actions against the defendants-lessors seeking damages for wrongful interference with their right to possession and enjoyment of the leased premises. The trial court granted defendants' motions for involuntary nonsuit and plaintiffs appeal.

By granting defendants' motions for involuntary nonsuit, the trial court necessarily decided that plaintiffs' evidence, as a matter of law, did not prove a cause of action. Therefore, the evidence will be considered in a light most favorable to plaintiffs.

The parties entered into a three-year lease of a residence. A dispute arose over the amount of rent payable. On October 12th an attorney for defendants sent plaintiffs written notice to quit the premises and made vague threats. The plaintiffs became frightened and one of the plaintiffs, Mrs. Goad, and the younger

children moved to another house. The older boys, and, on occasion, the other plaintiff, Mr. Goad, continued to reside in the leased premises.

Subsequently, one of the defendants brought an eviction proceeding which was decided in favor of the plaintiffs on October 30th.

Mrs. Maxwell testified that persons living near the leased house told her it was vacant and dirty. About the 19th of November she sent a couple, the Stephens, out to clean the house. She knew they would probably stay in the house at least for several weeks.

At some time on November 19th when none of the Goads were present, the Stephens entered the house with some of their belongings. A padlock Mr. Goad had placed on the rear door was sawed off. When Mrs. Goad came to the house the Stephens told her that the defendant, Mrs. Maxwell, had sent them. The Goads left but returned later that evening and found the Stephens gone. The Goads then removed the Stephens belongings to a tarp on the lawn. The Goad males stayed there that night.

The Stephens came back the next day and the Goads would not let them enter. The Stephens called the police. An officer talked to the parties and told the Goads to leave, which they did.

■ A tenant has a right of action against his landlord if the landlord wrongfully interferes with the tenant's occupancy of the leased premises. *Hotel Marion Co. v. Waters,* 77 Or 426, 433, 150 P 865 (1915). The defendants contend the Goads had no right to continue occupancy as the rent was in default. Leaving aside the effect of the eviction judgment, it was at least a question of fact whether the rent was in default in November.

■ The defendants contend their action was not

tortious because they believed, on November 19th, that the house was abandoned and the rent was in default. Assuming the jury would have had to so find, this does not prevent the defendants' action from being tortious. In *Hotel Marion Co. v. Waters,* supra (77 Or at 432), we held:

"* * * Upon these questions an examination of the authorities discloses a wide diversity of judicial opinion, but we think that, except in certain cases where the intent of the landlord is valuable in determining the nature of the acts performed, the intent is immaterial, since the vital fact to be determined is the interference with the tenant's beneficial enjoyment of the premises. * * * *"

The remarks of the trial court indicate that in granting the nonsuits it relied upon its belief that there was a variance between the allegations in the complaint and the proof. The complaint alleges that about November 19th the defendants rented the house to third persons. It further alleges that about that date, with the consent of defendants, the third persons moved into possession against the will of the plaintiffs. The trial court refused to receive testimony that the Stephens rented the house from defendants. The evidence in the record was that the Stephens were authorized to move into the house to clean it. No objection was made to this evidence.

■ ORS 16.630 and 16.640 provide that a variance shall not be deemed material unless it is to the prejudice of the adverse party. If the variance is prejudicial the trial court may order an amendment "upon such terms as shall be just." Essentially, this has been the law in Oregon since Deady's Code, §§ 94 and 95 (1862).

In *Gregoire v. Rourke,* 28 Or 275, 277-278, 42 P 996 (1895), plaintiff sued on an account alleging

that for a consideration the account was assigned to him. On trial plaintiff admitted he did not pay any consideration. We held if the plaintiff proves he is the real party in interest he can prevail although he did not pay any consideration for the assignment. We held:

> "* * * It is true he alleged that the claim had been sold to him, which implies a payment or promise as a consideration therefor, but as his right of action is founded upon the fact, and not the consideration, of the assignment, it was unnecessary to prove that he had paid any consideration therefor, and hence the allegation that the claim was sold to him was surplusage and should have been disregarded: * * *." 28 Or at 278.

The court did not cite the statutes, and wrote in terms of "surplusage." The principle, however, is the same as that embodied in the statutes concerning variance.

In the present case the plaintiffs alleged and introduced proof that third persons, at the instigation of the defendants, took possession against the will of the plaintiffs. These are allegations and proof of an interference with plaintiffs' right to possession. The proof that the third persons took possession for the purpose of cleaning rather than as renters is an immaterial variance. Defendants did not complain of any prejudice.

The trial court erred in granting the motions for nonsuit.

Plaintiffs claim other rulings of the trial court are in error. They may not arise in another trial and, therefore, we will not decide these assignments.

Reversed and remanded for new trial.