### FINK v. STANDARD BREAD CO.

(Supreme Court, Appellate Term. January 8, 1909.)

FRAUDS, STATUTE OF (§ 123*)—LEASE—OPERATION AND EFFECT—TENANCY FROM MONTH TO MONTH.

Where an oral lease for 10 years invalid under the statute of frauds fixes monthly periods for the payment of rent, the lessee taking possession under the lease is to be regarded as a monthly tenant only.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 272–274; Dec. Dig. § 123;* Landlord and Tenant, Cent. Dig. § 392.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louise Fink against the Standard Bread Company for rent. From a judgment for plaintiff, defendant appeals. Reversed in part, and new trial ordered.

See, also, 110 N. Y. Supp. 248.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Walter Carroll Low, for appellant.

George L. Donnellan, for respondent.

PER CURIAM. Plaintiff obtained four judgments for rent for the months of October, November, December, and January. Defendant appeals.

The plaintiff proved to the satisfaction of the court below an oral lease for 10 years at a fixed rent payable in monthly installments, also the occupation of the premises by defendant for six months, and payment of rent for August and September. The oral lease for more than one year was, of course, invalid under the statute of frauds, and the rule in such cases is that the lease is ineffectual to vest any term whatever in.the lessee, and when the latter goes into possession under such a lease, with the consent of the lessor, such lessee becomes, in the absence of any other agreement, a tenant at will merely, subject to liability to pay rent, at the stipulated rate, for the use and occupation. Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980, 8 L. R. A. 221, 17 Am. St. Rep. 607. Under the lease in suit defendant could at best be regarded as a monthly tenant only, inasmuch as its agreement was to

---

make a fixed payment each month for such month's rent. In the case at bar the defendant proved payments, not only for August and September, but also for October and November, so that the judgments for the rent of those two months must be reversed and a new trial ordered, with costs to appellant to abide the event.

The judgments for the rents of December and January are affirmed, with costs to respondent.