MOSKOWITZ v. EASTERN BREWING CO.

(Supreme Court, Appellate Term.   June 25, 1909.)

1. APPEAL AND ERROR (§ 171*)—CHANGE OF THEORY.
     Where an action was tried on the theory that defendant was liable for rent as assignee of a written lease, that theory must be adhered to on appeal.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

2. FRAUDS, STATUTE OF (§ 63*)—ASSIGNMENT OF LEASE.
     An assignment of a five-year written lease is void, if not in writing.
     [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 98; Dec. Dig. § 63.*]

3. LANDLORD AND TENANT (§ 80½*)—ASSIGNMENT OF LEASE—EVIDENCE.
     Possession of leased premises by one other than the lessee, and the payment of rent, would be presumptive evidence of a holding under an assignment from the lessee.
     [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

4. LANDLORD AND TENANT (§ 208*)—ACTION FOR RENT—PERSONS LIABLE—OCCUPANCY UNDER LESSEE.
     One, other than the lessee, in possession and paying rent, may show that there was never a valid assignment of the lease in an action against him by the lessor for rent.
     [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 825; Dec. Dig. § 208.*]

Appeal from City Court of New York, Trial Term.

Action by David Moskowitz against the Eastern Brewing Company. From a judgment for plaintiff on a directed verdict, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

J. C. Guggenheimer, for appellant.

Max D. Steuer (I. Maurice Wormser and Benj. M. Kaye, of counsel), for respondent.

PER CURIAM.   This action was plainly tried on the theory that defendant was liable for rent, if at all, on the sole ground of being the assignee of a written lease and in possession of the premises, and plaintiff cannot shift his ground on appeal, but must be held to the theory of his trial.   Snider v. Snider, 160 N. Y. 155, 54 N. E. 676.

It is very clear from the testimony that no written assignment of the five-year lease was ever made to defendant, and, under the statute of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

frauds, which was pleaded in this case, the assignment of the lease would necessarily be made in writing, or it would be void, so that, as there was no assignment in this case, the defendant could not be held liable. Bedford v. Terhune, 30 N. Y. 459, 86 Am. Dec. 394.

It is true that, if defendant was shown to be in possession and paying rent, this would be presumptive evidence that it had accepted and held an assignment of the lease; but this possession could not estcp it from showing that it never acquired a valid assignment of the lease, and, as this did appear, defendant could not be held. Welsh v. Schuyler, 6 Daly, 412; Dey v. Greenebaum, 82 Hun, 536, 31 N. Y. Supp. 610; Frank v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197, 25 N. E. 332.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.