KARSCH v. KALABZA et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. LANDLORD AND TENANT (§ 114*)—TENANCY FROM YEAR TO YEAR.

　　A tenancy from year to year is to be inferred, where entry of the tenant under a lease, void because not in writing, though for more than a year, is with consent of the landlord, and, the rental under the void lease having been an annual one of $1,000, the tenant pays monthly, for the four months he remains in possession, $83.33, or a twelfth part of the annual rental.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373-381; Dec. Dig. § 114.*]

2. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS OF FACT.

　　Finding of fact on conflicting evidence, and not against the weight of evidence, will not be disturbed on appeal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983-3989; Dec. Dig. § 1011.*]

Appeal from Municipal Court, Borough of Queens, Fourth District.

Action by Julia Karsch against Albert P. Kalabza and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

L. J. Harvey, for appellants.

William Rasquin, Jr., for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court in the borough of Queens in favor of the plaintiff in an action brought to recover rent for certain premises in the borough of Manhattan for the month of June, 1910. The pleadings were oral. The undisputed facts are as follows:

The plaintiff agreed to lease the premises in question to the defendants for the term of three years, at an annual rental of $1,000. A written lease was to be executed, and, pending its drafting and execution, the defendants went into occupation of the premises on October 1, 1909. Subsequently the plaintiff tendered a written lease executed by himself; but the defendants refused to sign it, claiming that the landlord had neglected to put the premises in such a condition of repair as had been agreed upon mutually. They continued to occupy the premises until May 31, 1910, when they removed therefrom. During their occupancy of the premises they paid each month rent at the rate of $83.33, which was one-twelfth of the annual rent fixed upon in the oral agreement which preceded their entry into the premises.

[1] The question now in controversy is whether their occupancy of the premises was under a renting by the month or by the year, as it is mutually conceded that the oral agreement for three years was void under the statute of frauds. The general rule is that, where a tenant enters into occupation under a void agreement of lease, he becomes liable only for the value of the use and occupation of the premises during his possession thereof, unless a new agreement be made or implied by law. Thomas v. Nelson, 69 N. Y. 118. Where, however,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the entry under the void agreement is with the consent of the landlord, and the tenant pays rents according to the terms of that agreement, if the terms provide for an annual rental, then the law will imply a tenancy from year to year. Reeder v. Sayre, 70 N. Y. 180, 184, 26 Am. Rep. 567; Laughran v. Smith, 75 N. Y. 205; Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980, 8 L. R. A. 221, 17 Am. St. Rep. 607. As was said in Talamo v. Spitzmiller, ut supra:

"While it is not required that a new contract be made in express terms, there must be something from which it may be inferred, something which tends to show that it is within the intention of the parties. The payment and receipt of an installment or aliquot part of the annual rent is evidence of such understanding, and goes in support of a yearly tenancy, and without explanation to the contrary it is controlling evidence for that purpose."

In the case at bar, the only evidence as to rental agreed upon orally before the entry of the defendants into the premises was of a rental of $1,000 a year. It appears undisputed that the rent actually paid was $83.33 each month, or a one-twelfth part of the annual rental previously agreed upon. Hence, under the authority above cited, we have a case of a tenancy for a year. There are cases where tenancy by the month was implied, where entry was made under a void lease; but all of these cases arose under circumstances where the rental payable under the void agreement was a monthly rental, and not an annual rental payable in bulk or in installments. Fink v. Standard Bread Co., 61 Misc. Rep. 626, 113 N. Y. Supp. 1036; Israelson v. Wollenberg, 63 Misc. Rep. 293, 116 N. Y. Supp. 626; Gilfoyle v. Cahill, 18 Misc. Rep. 68, 41 N. Y. Supp. 29; Wilson v. Taylor, 8 Daly, 253.

[2] At the trial of this action the defendants and appellants sought to show a constructive eviction from the premises through failure of the landlord to make some repairs in the skylights of the building, and through a failure to furnish steam power for the defendants' use on a certain occasion. On these questions the evidence conflicted, and there is no apparent reason why the findings of the trial court thereon should be disturbed here, as they are not against the weight of evidence.

The judgment should be affirmed, with costs. All concur.