(93 Misc. Rep. 125)

ROSENBLUM v. WESTIN et al.

(Supreme Court, Appellate Term, First Department. January 14, 1916.)

FRAUDS, STATUTE OF ☞123—RIGHTS UNDER VOID ASSIGNMENT OF LEASE.

 Where a written assignment and assumption of the covenants in a lease was never executed, so as to satisfy the statute of frauds, but the assignee entered into possession and paid rent, an implied letting for the term of a year was created, and where the assignee quit the premises during the second year it was liable for rent for the remainder of that term.

 [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 272–274; Dec. Dig. ☞123.]

Appeal from City Court of New York, Special Term.

Action by Max Rosenblum against Morris H. Westin and another. From an order granting defendants' motion for judgment on the pleadings, and from a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

See, also, 155 N. Y. Supp. 102.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Feltenstein & Rosenstein, of New York City (Abraham Rosenstein, of New York City, of counsel), for appellant.

Max Schleimer, of New York City, for respondents.

GUY, J. Upon an order granting defendants' motion for judgment on the pleadings, judgment has been entered in this action in favor of defendants dismissing the action.

The complaint sets out in three causes of action the making and execution of three leases to one Rudner; that the lessee in April, 1913, assigned the leases to the defendants, who thereupon attorned to the plaintiff, and entered upon the demised premises, and continued in possession thereof as tenants; that the defendants assumed the conditions and provisions of the leases; that the defendants paid the rent under the leases for each and every month thereafter until the 1st day of February, 1915; and judgment is demanded for the rent due under the leases for February, March, and April, 1915. At the time of the alleged assignments the unexpired term under each lease exceeded three years.

The answer, after denying allegations of the complaint, sets up the statute of frauds as a defense to the assignments and assumptions; also the defense that the leases were assigned to defendants as collateral security for the payment of moneys loaned by them to the lessee. In the further fourth and fifth separate defenses it is admitted that the lessee in October, 1914, assigned, transferred, and conveyed to the defendants one of the leases; that on February 1, 1915, defendants paid $208.33 for rent under that lease to the plaintiff for that month; that on March 1, 1915, and again on April 1, 1915, defendants tendered to the plaintiff $208.33 for rent under the same lease, but plaintiff refused to receive it; and that pursuant to an order of the

court defendants, subsequent to the beginning of the action, paid to the chamberlain of the city of New York $416.66, to be paid to the plaintiff for rent under the lease for the months of March and April, 1915.

By direction of the court plaintiff served bills of particulars, from which it appears that the assignments of the unexpired terms, which then exceeded three years, were partly oral and partly in writing, and that in each case the alleged assumption by the defendants was oral. The learned justice at Special Term granted defendants' motion for judgment on the pleadings on the ground that the complaint, as amplified by the bills of particulars, failed to state a cause of action.

The peculiar situation thus presented by the record is that the defendants, insisting that they are assignees of one of the leases and in support of their claim paying into court two months' rent, which they concede is due by them as such assignees, have procured an adjudication turning the plaintiff out of court on the ground that defendants are not assignees. But without considering the effect of the admissions (Talbot v. Laubheim, 188 N. Y. 421, 81 N. E. 163; Kraus v. Birnbaum, 200 N. Y. 130, 93 N. E. 474; Reeves v. Bushby, 25 Misc. Rep. 226, 55 N. Y. Supp. 70), and assuming that on this appeal reference may be had solely to the complaint as amplified or qualified by the bills of particulars to determine the sufficiency of plaintiff's claim (Seely v. Seely, 164 App. Div. 650, 150 N. Y. Supp. 66; Dineen v. May, 164 App. Div. 469, 134 N. Y. Supp. 7; Wood v. Miller, 78 Misc. Rep. 377, 138 N. Y. Supp. 562), the complaint so qualified does state a cause of action; for it appears that in April, 1913, under the void assignments and the assumptions of the covenants in the leases, defendants entered into possession of the premises, and continued in possession down to the time of the beginning of the action, and paid rent, in one instance $208.33 a month, and in two other instances $100 a month, until February 1, 1915. Under these circumstances the defendants are in the same position as if they had entered originally under void leases, and they should be held accordingly.

In Karsch v. Kalabza, 144 App. Div. 305, 128 N. Y. Supp. 1027, the plaintiff agreed to lease premises to the defendants for three years at $1,000 a year. A written lease was to be executed, and pending its drafting and execution the defendants went into occupation on October 1, 1909. Subsequently plaintiff tendered a written lease, executed by himself, but defendants refused to sign it, and they continued to occupy the premises until May 1, 1910, when they removed therefrom. During their occupancy they paid each month the rent of $83.33, which was one-twelfth of the annual rent fixed upon in the oral agreement made before their entry into the premises. The court, citing Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980, 8 L. R. A. 221, 17 Am. St. Rep. 607, held that the facts showed a new contract for a tenancy for one year, and the tenants were held for the rent of the premises as upon a yearly tenancy after they had abandoned possession.

So in the present case it appears in the first cause of action that the defendants entered under an assignment and agreement assuming the obligations of the lessee, which assignment and assumption were void

because oral, and paid the rent of $208.33 a month in accordance with the terms of the assumption for a period of nearly two years, and these facts set out in the complaint evidence a new contract made by the defendants with the plaintiff for a yearly tenancy, and not simply for use and occupation of the premises. The fact that the lease was outstanding, in the sense that the assignment was inoperative, is not an insuperable objection to the new contract, in so far as the defendants are concerned; against their occupation under the yearly agreement which the law fairly implies they cannot defend an action for rent on such ground; and the rule that there can be no recovery for use and occupation where there is an outstanding valid lease has no application (Bedford v. Terhune, 30 N. Y. 453, 86 Am. Dec. 394), because under the new contract the landlord's claim is upon a yearly tenancy.

Moskowitz v. Eastern Brewing Co., 117 N. Y. Supp. 1017, cited in support of his decision by the learned justice at Special Term, is not controlling, because that was an appeal from a judgment in favor of defendant, occupant of premises, and, as stated in the opinion of this court, the plaintiff on the trial had endeavored to fix responsibility on the defendant for the payment of rent upon the sole ground that he was the assignee of a written lease and in possession of the property, and the court followed the rule that the appellant could not shift his ground on appeal, but should be held to the theory of his trial. In this action, however, there has been no trial, facts are presented which do not appear in the Moskowitz Case, and if the plaintiff shows any cause of action against the defendants he is entitled to his day in court.

The conclusion arrived at has been reached, as stated, solely upon a consideration of the complaint and bills of particulars. Possibly on the trial of the issues the relations of the parties may be shown to be different from those which an examination of the plaintiff's case alone discloses.

The complaint, as modified by the particulars furnished, states a cause of action, and the judgment and order appealed from are reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.