(173 App. Div. 746)

### MANN v. FERDINAND MUNCH BREWERY.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. LANDLORD AND TENANT ⬤═190(1)—LIABILITY FOR RENT—FUTURE RENT AFTER EVICTION BY SUMMARY PROCEEDINGS.

> An eviction by summary proceedings terminates a tenant's liability for rent accruing in the future.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767–769;  Dec. Dig. ⬤═190(1).]

2. LANDLORD AND TENANT ⬤═190(1)—DAMAGES FOR BREACH OF COVENANT—LIABILITY OF TENANT AFTER EVICTION.

> After eviction by summary proceedings, the tenant is not thereafter liable in damages for failure to perform covenants, unless the lease contains an express provision permitting the landlord to re-enter, lease the property, and hold the tenant liable for deficiency of rental.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767–769;  Dec. Dig. ⬤═190(1).]

3. LANDLORD AND TENANT ⬤═190(1)—RENT—LIABILITY AFTER EVICTION.

> A letter from defendant, in possession of premises with consent of lessee, informing the lessor that he would "assume the lease," in answer to her query as to who would pay rent, and his subsequent payment of rent for a time, did not render him liable for rent after eviction in summary proceedings for breach of covenant.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767–769;  Dec. Dig. ⬤═190(1).]
>
> Smith and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Sarah Ruth Mann against the Ferdinand Munch Brewery. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals.   Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Victor E. Whitlock, of New York City, for appellant.
Leon Sanders, of New York City, for respondent.

McLAUGHLIN, J.   [1, 2] When the defendant was dispossessed, its relation with the plaintiff as tenant ceased.   An eviction by summary proceedings terminates the liability of the tenant to pay rent accruing in the future.   Section 2253, Code of Civil Procedure; McCready v. Lindenborn, 172 N. Y. 440, 65 N. E. 208;  Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425.   Nor is the tenant thereafter liable in damages for failure to perform the covenants contained in the lease, unless there is an express provision permitting the landlord to re-enter, lease the property, and hold the tenant liable for the difference between the amount received and the amount agreed to be paid.   Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996.

[3] In the present case there is no proof that the lease was ever assigned to the defendant, or that it ever agreed to perform any of the covenants contained in it, other than to pay rent.   The letter set out in the dissenting opinion, in which defendant said it would "assume the lease," was in answer to one from the plaintiff asking who

was going to pay the rent. Obviously, it refers only to the payment of rent while defendant was in possession. There are several covenants by the original tenant in the lease: (a) To use the premises only for a saloon; (b) to keep the premises in repair during the term; (c) to comply with all the requirements of the municipal authorities; (d) to exempt the landlord from liability for accidents; and (e) to pay for insurance of the plate glass in that portion of the premises covered by the lease. It can no more be said that the defendant, after being dispossessed, was liable for damages under the covenant to pay rent, than it can that it was liable for failure to carry out the other covenants, which had been made impossible by the plaintiff herself. Before the defendant can be made liable in damages, something more must be shown than that it was in possession, with the consent of a tenant to whom the plaintiff leased her property.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and PAGE, J., concur.

SMITH, J. (dissenting). Plaintiff is the assignee of Max Mann. On the 1st of February, 1910, Max Mann leased to Sarah Fish certain premises at a certain rental. The lease was in writing, and among the provisions therein contained was the following:

"If the tenant is dispossessed by the issuance or service of any warrant or final order in summary proceedings, or if he abandon the premises, he shall nevertheless continue liable for the payment of the rent and the performance of all of the other conditions herein contained. The tenant shall not be relieved from liability for payment of rent, by an assignment which may be made of this lease, whether with or without the consent of the landlord, but each and every assignee and assignor of this lease shall continue to remain liable for the payment of the rent and the performance of all the covenants and conditions herein contained until the expiration of the entire term thereof."

The lessee, Fish, ran a saloon and purchased beer of the defendant. Thereafter, and in 1910, the defendant took the premises from the lessee and paid the rent. On November 30, 1910, the plaintiff's representative wrote to the defendant as follows:

"Gentlemen: You have the assignment of the lease of my store No. 274 Broome street, and you are in possession.

"As Mr. Fish is no longer in the store, please let me know to whom I should look for the payment of the rent under the lease in the future.
    "Yours respectfully,                              Mann Bros."

To this letter on December 1, 1910, the defendant replied:

"Gentlemen: In reply to your communication of the 30th ult., wish to state that our attorneys mailed to you a registered letter containing a check for $150, being the rent for premises 274 Broome St., New York, according to the lease. We will send you the check for the rent on each first Monday of the month and assume the lease.
    "Yours very truly,                              Ferdinand Munch Brewery."

Thereafter the defendant regularly paid the rent of $150 a month up to and including July, 1913. Failing to pay the August rent, a

dispossess proceeding was commenced in the Municipal Court, resulting in a warrant dispossessing the defendant. Thereafter an action was brought in the Municipal Court to recover the August rent, and judgment was rendered for the plaintiff thereupon. The plaintiff then, being in possession, sought to relet the premises to minimize her damage, and secured the sum of $122. This action is brought to recover as damages the difference between the rent reserved in the lease from September, 1913, to and including April, 1914, less the amount actually received by the plaintiff through reletting the premises.

One question only was submitted to the jury, and that is whether one of the officers of the defendant consented to the plaintiff's leasing the premises after the defendant was dispossessed therefrom. The jury having found in the affirmative upon that question, judgment was ordered by the trial court for the amount of the rent less the amount received by the plaintiff for rental.

The defendant first objects to this judgment on the ground that there was no proof of a written assignment of the lease. In McAdam on Landlord and Tenant (4th Ed.) p. 864, the rule is stated:

"Where a person other than the lessee is shown to be in possession of leased premises paying rent therefor, the law will presume that the lease has been assigned to him, but this presumption may be overthrown by showing that a different relation from that of assignee exists between him and the lessee. * * *"

To that rule of proof a number of authorities are cited upholding the rule as stated. See Dey v. Greenebaum, 82 Hun, 533, 31 N. Y. Supp. 610, affirmed 152 N. Y. 641, 46 N. E. 1146; Moskowitz v. Eastern Brewing Co. (1st Dept.) 117 N. Y. Supp. 1017, 1018. While the answer denied a written assignment to the defendant of the lease in question, no proof was offered upon the trial to rebut this presumption that the defendant occupied by an assignment sufficient under the statute to pass title to the lease.

Another contention may well be here referred to. The lease provides that the tenant as well as the assignee shall be liable to pay rent after his dispossession by summary proceedings. It is insisted that rent can only be exacted as a compensation for possession and that the agreement is for that reason void, as providing for the payment of "rent" after dispossession. This contention is based upon a mere technical definition of the word "rent." It is true that rent is usually referred to as compensation for possession of real property. The intention, however, of the provision in the lease, is unmistakably to require the tenant as well as the assignee to pay "the sum stipulated as rent" to the end of the term, even after dispossession, so that the agreement must be interpreted in effect to provide for the payment of damages which the lessor may suffer by reason of the dispossession which is the result of the tenant's own wrong. In Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425, a lease was presented for consideration in which the term "re-enter" was used. It was there held that a re-entry after dispossession released the lessee from the payment of rent thereafter accruing. In the discussion, however, Judge Vann says:

"While it was within their power to agree that the lessee should continue to *pay rent after the premises had been taken away* from him owing to his default, still a covenant to pay, with no right to enjoy, should be clear and unambiguous as to the event which calls it into action, for, as was said by an old writer, 'a tenant can make no return for a thing he has not.'"

This statement by a most learned judge recognizes the liability in a lessee where the liability is clearly expressed to pay "rent" after dispossession.

In the lease here for consideration there is no ambiguity. The liability of the lessee and of his assignee is unquestionably stated. It is provided that the tenant is to "remain liable for the payment of the rent and for the performance of all the other conditions herein contained even in case of dispossession in summary proceedings." It is further provided that:

"Each and every assignee and assignor of this lease shall continue to remain liable for the payment of the rent and performance of all the covenants and conditions herein contained 'until the expiration of the term thereof.'"

This lease is different from those usually found, in that it places the burden of liability for payment of rent until the term has fully expired, not only upon the lessee, but specifically upon the individual assignee and assignor. No assignment is permitted, except with the consent of the lessor. That consent was in this case given, and in legal effect it was upon the implied condition that the assignee should assume the obligations of the lease which he was accepting. The acceptance of an assignment of a lease which assumed to impose this liability upon the assignee bound the assignee as firmly as does the acceptance of a deed which binds the grantee to any covenants therein made in his behalf. Moreover, if there be any doubt as to the legal effect of the acceptance of this assignment, that doubt is removed by the letter of the defendant upon taking possession of the property, in which the defendant agrees to pay the rent and to "assume the lease." An agreement to assume a lease can only mean to assume the covenants therein contained, especially any covenant therein contained which is provided as a condition of the assignment and made on behalf of the assignee, and where the assumption of that liability is impliedly a condition of the assent of the lessor to the assignment.

The jury has found that the premises were leased by the plaintiff after the dispossession through the consent of the defendant. This assent would save the plaintiff from any possible waiver of the conditions of the lease; but we are of opinion that a lease of the property without such consent would only be in conformance with the plaintiff's duty to lessen the damages as far as possible, and therefore upon such leasing no claim of waiver could be made.

The judgment and order should therefore be affirmed, with costs.

SCOTT, J., concurs.