The judgment is therefore reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.

---

Argued December 10, decided December 23, 1913, rehearing denied January 27, 1914.

## JOHNSON v. SEABORG.*

(137 Pac. 191.)

**Landlord and Tenant—Forfeiture of Lease—Waiver of Right.**

1. The request for, and acceptance of, partial payments of rent before they fell due, such payments being voluntary, does not waive the landlord's right to a forfeiture in accordance with the terms of the lease for subsequent failure to pay the rent within the time required by the lease.

[As to forfeiture of lease and waiver of same, see note in 47 Am. St. Rep. 197.]

**Landlord and Tenant—Forfeiture of Lease—Waiver of Right.**

2. Under a lease providing for forfeiture without notice on failure to pay the annual rent within 30 days after it became due, the acceptance of rent after it became due in a given year, though a waiver of default for that year, did not make a rule for the next year.

**Landlord and Tenant—Payment of Rent—Absence of Landlord.**

3. That neither of the lessors was in the state when rent became due does not waive a default, when their agent, to the knowledge of the tenant, is present and authorized to accept payment of the rent.

**Landlord and Tenant—Rent—Assignment of Lease.**

4. By accepting the assignment of a lease the assignee becomes liable for the rental, but the assignor is not thereby released.

[As to assignment of lease, and its effects upon the rights and liabilities of the three parties concerned, see note in 10 Am. St. Rep. 557.]

**Landlord and Tenant—Rent—Place of Payment.**

5. Where a lease provides no place of payment of rent, it is payable in the city where the lease was executed and the property located, to the lessors or their agents.

[As to where rent is payable, see note in Ann. Cas. 1913C, 367.]

---

*As to the liability of assignee of leasehold for rent, see note in 14 L. R. A. 151.                                             REPORTER.

**Landlord and Tenant—Rent—Actions—Burden of Proof.**

6. In case of controversy between lessors and assignees of the lease as to the amount of rent due, one of the lessors, contending that he had credited a payment on a balance due for a previous year, had the burden of proving that there was at least that amount due on the present lease, as the lessors could not apply a payment by the assignees on rent due under a prior lease.

**Corporations—Foreign Corporations—Right to Do Business.**

7. A foreign corporation which has not complied with the requirements of Section 6727, L. O. L., as to filing a declaration of intention to engage in business within the state and other documents, and paying a filing fee, has no right to take an assignment of a lease of an island in the state for fishing purposes.

[As to effect upon contracts of foreign corporation of the latter's noncompliance with domestic statute, see note in Ann. Cas. 1914A, 702.]

**Corporations—Foreign Corporations—Certificate—Effect.**

8. A certificate of authority to do business issued by the Secretary of State, pursuant to Section 6728, L. O. L., to a foreign corporation while it is insolvent and its assets in the hands of a receiver, does not give validity to the business acts of the corporation within the state.

From Clatsop: THOMAS A. McBRIDE, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is a suit by T. K. Johnson and Margaret Johnson, against B. A. Seaborg, Seaborg Packing Company and Frank Olson.    The facts are as follows:

The plaintiffs were the owners of a certain island in the Columbia River, near Astoria, in Clatsop County, Oregon, known as Tenas Illihee, where the tide ebbs and flows.    It borders on the tide lands and tide flats of the river, and is of great value for the purpose of operating fish traps and for hauling seines and dragnets thereon.    On the 23d day of December, 1905, they leased it to the defendant Seaborg, for the term of nine years, for a rental of $1,200 per year, payable in advance on the 15th day of April of each year, conditioned that if the rent should not be paid within 30 days after the same should become due, "then it shall and may be lawful for the said parties of the first part (plaintiffs), or either of them, * * to re-enter

said premises and said fishery * * and to declare this lease and all of said rights and privileges hereinbefore set forth terminated and forfeited; and if the first parties shall so determine and elect the said second party waive all notice to quit or intention to declare said forfeiture or re-entry''—said lease being in writing and signed by the parties. On the 29th day of January, 1906, the defendant B. A. Seaborg assigned in writing the said lease to the defendant Seaborg Packing Company, in which assignment the said Seaborg Packing Company assumed to fulfill all the conditions and stipulations of the lease to be observed by Seaborg; Seaborg having the option to declare the assignment forfeited and to re-enter for failure of the Seaborg Packing Company to perform the terms of the lease assumed by it. Immediately after the assignment of the lease the Seaborg Packing Company entered upon the possession of the premises and used the same thereafter until plaintiff, on the 21st day of May, 1907, forfeited the lease for nonpayment of the rent. The Seaborg Packing Company by force entered upon the premises thereafter, and drove location stakes for three pound net fish traps in the tide land and fishery grounds, and refused to permit plaintiffs to operate their fishery, and threatens to continue and will continue to prevent plaintiffs' use thereof unless restrained by order of this court. This suit was commenced for the purpose of restraining the defendants from so obstructing plaintiffs' use of the property, and a preliminary injunction was issued pending the trial. The issues were tried by the Circuit Court, and a decree was rendered in favor of plaintiffs; the injunction being made perpetual. The defendants appeal.                                            AFFIRMED.

For appellants there was a brief over the names of
*Messrs. John H. & A. M. Smith* and *Mr. Frank Oleson,*
and an oral argument by *Mr. John H. Smith.*

For respondents there was a brief and an oral argu-
ment by *Mr. George C. Fulton.*

MR. JUSTICE EAKIN delivered the opinion of the
court.

1. It is contended by defendants that plaintiffs
waived their right to declare a forfeiture of the lease
for nonpayment of the rental, without notice to de-
fendants and an opportunity to pay, by their agree-
ment to a departure from the terms of the lease
whereby, as defendants allege, part of the rent was paid
to plaintiff Mrs. Johnson as she needed it. There
was no agreement by which the payment of the rent
for the year 1907 might be delayed or postponed
beyond the maturity thereof, nor were any payments
made or received thereafter. If the rent had been
paid on May 16th, the day after the default, when
called for by the plaintiff Johnson, that would have
been a waiver of the default for that year; but the
advance payments of interest and taxes on the order
of Mrs. Johnson and the $200 to her were voluntary,
and made prior to the default, and the requests there-
for were not a waiver of prompt payment when due.
Calling for or accepting partial payments prior to the
default in payment would not amount to an agreement
to waive prompt payment.

2. The acceptance of payment of rent for the year
1906, after maturity, was a waiver of default for that
year, but did not make a rule for the next year. Time
was of the essence of the contract, and it was defend-
ants' duty to pay on the day it was due, or within 30
days thereafter, namely, May 15th.

3. There is a suggestion that neither of plaintiffs was in Oregon at the time the rent was due, but O. F. Morton, at Astoria, was the agent of plaintiffs, with authority to receive and' receipt for the rent, and defendants had knowledge of that fact.

4. By accepting the assignment of the lease the defendant Seaborg Packing Company became liable for the payment of the rental; yet Seaborg was not thereby released.

5. There was no place of payment provided in the lease. Therefore, it was payable to the plaintiffs or to their agent at Astoria.

6. There was some controversy as to the amount of rent due on May 15th, Johnson contending that he had credited the $200 paid May 7th on the balance due for the year 1906; but the burden was upon plaintiffs to prove that there was that amount due on the present lease before they would be entitled to apply the payment thereon, the application of which was not directed by the defendants. The exhibits introduced by plaintiffs show the payment of the 1906 rent in full. If there was anything due plaintiffs upon a prior lease, they could not apply money paid by the defendant packing company upon it as its liability covered only the new lease, and a tender of the amount of the rent for the year 1907 would have been sufficient to prevent a forfeiture of the lease. Defendants contend that Johnson agreed to accept the rent on May 22d, while Johnson admits he extended the time of payment until the 21st of May only. But, without determining the date to which the time of the payment was extended, no tender was made, either on the 21st or on the 22d. A formal tender was made Thursday, the 23d, being beyond the time to which payment was extended.

7. There is another matter that has a strong bearing upon this question. Defendant is a foreign corporation, and until the commencement of this suit had not complied with the statute of this state entitling such corporations to do business in this state. Its right to do business in this state is conditioned upon its filing with the Secretary of State a declaration of its purpose to engage in business within the state, and other data required by Section 6727, L. O. L., filing a power of attorney, appointing a resident attorney with authority to acknowledge service of summons or other process, and paying a filing fee of $50 and the amount of the license fees as elsewhere provided. Without so doing the defendant Seaborg Packing Company did not have the right to take the assignment of the lease of the property here involved. It was not subject to the jurisdiction of the courts of this state. By entering upon said property and using the same in its business of fishing it must necessarily have employed laborers and incurred indebtedness in Oregon, and was liable for personal injuries, if any were occasioned by its negligence, for all of which there should be a remedy in the courts of this state; and its case was just such a one as was contemplated to be covered by this statute for the protection of the state and its citizens. Therefore, the assignment of the lease attempted to be executed to the packing company by Seaborg was void, and it could not transact business thereunder. Its attempt to make tender of the rent under the lease was ineffectual, and it acquired no rights against the plaintiffs by reason thereof or of the assignment of the lease.

8. On February 26, 1907, on the application of creditors of the defendant packing company, its affairs were placed in the hands of a receiver in the courts in the State of Washington, on the ground that it was un-

able to pay its debts, which are alleged to be more than $62,000, with assets° amounting to about $60,000, showing that it was insolvent. On July 3, 1907, it applied to the Secretary of State for a certificate showing its authority to do business within the state provided for by Section 6728, L. O. L., while it was still insolvent and its assets in the hands of a receiver, and on that day the secretary issued to it the certificate provided for by said section, to the effect that it had complied with the statute entitling it to engage in business in Oregon. The said section further provides that said certificate shall be *prima facie* evidence of the legal existence of the corporation and of its right to do business in Oregon. The pleadings and record in the case show that it was not entitled to the certificate or to do business in Oregon. It is contemplated by the statutes that the certificate shall issue to a solvent corporation with capital as shown by the application and as contemplated by the certificate. That statute was intended to be a protection to the people of the state having occasion to do business with the packing company, as well as to secure to the state the license fees and power to control it in the particulars named. Although it has produced in evidence the certificate of the Secretary of State, yet, in view of the facts disclosed by this record, the certificate is impeached, and the court cannot recognize the contract entered into in violation of the statute, or its acts in relation thereto. The effect of such a contract is fully discussed in *Hirschfeld* v. *McCullach,* 64 Or. 502 (127 Pac. 541, 130 Pac. 1131); *Cyclone Min. Co.* v. *Baker Light & Power Co.* (C. C.), 165 Fed. 996; *La Moine Lumber & Trading Co.* v. *Kesterson et al.* (C. C.), 171 Fed. 980. Therefore, the court was justified in approving a forfeiture of the lease by plaintiffs and their

69 Or.—3

re-entry upon the premises, and they were entitled to the injunction against the defendants to prevent further interference by them.

The decree is affirmed.    AFFIRMED.

MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.

MR. CHIEF JUSTICE MCBRIDE not sitting.