Argued January 5, affirmed February 7, 1928.

# F. W. PETERSON *v.* FRED DOSE.

(263 Pac. 888.)

**Landlord and Tenant—Tenant, Under Lease for Year or Term of Years, Holding Over After Expiration, With Landlord's Consent, Becomes Tenant from Year to Year on Terms of Original Lease.**

1.  Wherever there has been a leasing for a year or for a term of years, and the tenant holds over after the expiration of the term, with the consent of the landlord, he becomes a tenant from year to year on the terms and conditions expressed in the original lease.

**Landlord and Tenant—Assignment of Lease With Lessor's Written Consent Held not Defense, in Action for Rent, as Assignment in Itself Does not Release Original Lessee from Rent Liability.**

2.  In an action by lessor against lessee for rent payment, wherein the defense was that the lessee had assigned the lease with the lessor's consent, *held* that such an allegation was no defense to the suit, as lessee is not released from liability for rent merely because, under an assignment, the assignee becomes liable for rental.

**Appeal and Error—Trial Court's Finding of Facts on Conflicting Evidence is Binding on Appeal.**

3.  Trial court's finding of facts on conflicting evidence is binding on reviewing court on appeal, so that reviewing court may not weigh the evidence and determine where the preponderance lies.

---

Appeal and Error, 4 **C. J.**, p. 887, n. 60.
Landlord and Tenant, 35 **C. J.**, p. 1101, n. 82; 36 **C. J.**, p. 372, n. 61, p. 442, n. 30, p. 445, n. 44.

From Multnomah: LOUIS P. HEWITT, Judge.

In Banc.

This is an action at law arising out of a covenant to pay rental for the premises known as a portion of the Mt. Hood Brewery plant, situate in Block 41,

---

1.  See 16 **R. C. L.** 614, 1161.
2.  Liability for rent as affected by assignment by tenant, see note in Ann. Cas. 1916E, 788; 52 **L. R. A.** (N. S.) 969. See, also, 16 **R. C. L.** 845.
3.  See 2 **R. C. L.** 202.

Sellwood.   The complaint alleges that, on September 1, 1922, the plaintiff and defendant executed a written lease in which plaintiff leased the above-described premises to defendant for one year from September 15, 1922, the consideration for the first six months of the term being $200 per month, and that, after the expiration of his term, the defendant continued to remain in possession of the premises until March 1, 1924, when the lease was terminated by the mutual consent of the parties.   Plaintiff demanded judgment for $1,100, the amount of the rent remaining unpaid for the five and one-half months from September 15, 1923, to March 1, 1924.   The defendant, answering, admitted the execution of the lease as set out in the complaint, but alleged that, on September 5, 1922, for a valuable consideration, he assigned all his right and interest in the lease to Deter Beverage Company, a corporation, and that the plaintiff accepted that assignment.   The new matter contained in the answer was put in issue by the reply.   The cause was tried by the court, and plaintiff recovered judgment against defendant in the amount demanded. Defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. John C. Veatch* and *Messrs. Joseph, Haney & Littlefield,* with an oral argument by *Mr. Veatch.*

For respondent there was a brief over the name of *Messrs. Bowerman & Kavanaugh* and *Mr. Frederick M. DeNeffe,* with an oral argument by *Mr. John P. Kavanaugh.*

BROWN, J.—Among the covenants contained in the lease are the following:

"Second: The lessee, in consideration of the leasing of the premises aforesaid by the lessor to him, does hereby covenant and agree to and with the lessor to pay a monthly rental of $200 for the first six months, * * said rent to begin on the 15th day of September, 1922, and shall be paid monthly in advance. * *

"Third: * * At the expiration of said term, * * the lessee will quit and deliver up the said premises * * .

"Fourth: It is further understood and agreed that the lessee cannot assign this lease, or re-lease or sublet the said premises, without the written consent of the lessor being first obtained, and any such assignment, or re-leasing or subletting, shall be utterly void and of no effect."

On September 2, 1922, the plaintiff wrote the defendant, in part, as follows:

"I am willing to and do hereby grant you the privilege of subletting to the Deter Beverage Company any portion of said property which you have under said lease, it being understood that this privilege to sublet applies to the Deter Beverage Company only, and will in no way change, alter or void your lease, or any section or clause thereof."

There is a sharp conflict in the evidence relating to the matter of the alleged assignment of the lease. However, the trial court found that, on September 1, 1922, plaintiff and defendant executed the lease in question, whereby plaintiff leased to defendant the premises hereinbefore mentioned, at the rental alleged in the complaint, and for the period of time therein expressed; that, after the expiration of the term provided in the lease, the defendant continued to hold over until March 1, 1924, and that plaintiff consented to such holding over and possession of the premises by defendant, and accepted de-

fendant as his tenant with the knowledge and acquiescence of defendant; that, on September 5, 1922, the defendant attempted to assign the lease to Deter Beverage Company, a corporation, but that the plaintiff had no knowledge of such attempt and never consented thereto or ratified the same, but at all times treated defendant as his tenant and looked to defendant for the fulfillment of all of the provisions and obligations contained in and imposed by the lease.' The court further found:

"That, on September 2, 1922, plaintiff granted to defendant the privilege of subletting a portion of said premises to Deter Beverage Company, with the proviso that the authority so granted would not in any way change, alter or void said lease, or any section or clause thereof."

As a conclusion the court found that the granting by plaintiff to the defendant of the privilege of subletting did not relieve him from liability for the rent called for in the lease during the period of time that the premises were occupied by Deter Beverage Company, and that the plaintiff was entitled to recover from defendant the sum of $1,100.

The defendant says that the court erred in its finding.

1. It is settled law in this state that, whenever there has been a leasing for a year, or for a term of years, and the tenant holds over after the expiration of the term with the consent of the landlord, the relation becomes a tenancy from year to year upon the terms and conditions expressed in the original lease. An early case announcing this doctrine is the case of *Parker* v. *Page,* 41 Or. 579 (69 Pac. 822),

where this court, speaking through Mr. Justice Wol-
verton, wrote, at page 583:

"By the very great weight of American authority,
where there has been a leasing for a year, or for
a term of years, and a holding over after the term
with the tacit acquiescence of the landlord, the rela-
tionship and agreement of the parties is converted
into a technical tenancy from year to year. This
result springs from the act of the tenant in holding
after the term, by which he becomes a trespasser, and
the landlord's recognition of his lawful right to con-
tinue, by which the tort is waived; and the law im-
plies a contract of further leasing—that is, from
year to year—upon the same terms and conditions
contained in the expired lease. It is optional with
the landlord whether to treat the continued holding
as a trespass or to regard the act of the tenant as
lawful, and the tenant has no alternative but to abide
his determination; but, when the landlord has once
made his election by recognition of the tenancy, he
cannot thereafter deny the relationship: Wood, Landl.
& T., § 13; 18 Am. & Eng. Enc. Law (2 ed.), 407."

2. However, the defendant avers that he assigned
the lease to the Deter Beverage Company with the
written consent of the plaintiff. As to the effect of
this averment, see the case of *Johnson* v. *Seaborg,*
69 Or. 27 (137 Pac. 191), wherein this court held that,
where an assignee accepts the assignment of a lease,
he becomes liable for the rental, but that the assignor
is not thereby released. To the same effect, see *Hous-
ton* v. *Barnett,* 90 Or. 94 (175 Pac. 619).

We have seen that the defendant expressly cove-
nanted to pay rent. Under such state of facts, a
leading text-writer thus declares the law:

"The assignment of a lease does not annul the les-
see's obligation on his express covenant to pay rent,
even though the lessor has assented to such assign-

ment and collected rent from the assignee, unless the lessor has accepted the surrender of the lease and released the original lessee upon a sufficient consideration." 36 C. J., "Landlord and Tenant," § 1227.

See, also, the many authorities contained in the notes.

For interesting notes on the subject of assignment of leases and the respective rights and liabilities of lessor, assignee and assignor thereafter, see 10 Am. St. Rep., p. 557 (Ann. Cas. 1916E, 788, 52 L. R. A. (N. S.) p. 968). The doctrine announced in these notes is in harmony with the following excerpt from 5 Elliott on Contracts, Section 4573:

"The express covenants in a lease continue to be binding upon the covenantor, notwithstanding his assignment of the lease. While the privity of estate between lessor and lessee is terminated by the assignment, there still remains the privity of contract between them created by the lease, which is not affected by the assignment, although made with the assent of the lessor, and the lessee still continues liable on his covenant by virtue of this privity of contract. * * The lessor may pursue either lessee or assignee, or both at the same time, though he will be entitled to but one satisfaction. The contract of the original lessee continues in force unless the lessor accepts the assignee as sole tenant and absolves the original lessee. Mere acceptance of rent from an assignee does not discharge the lessee from an express covenant. There must be some new leasing, some understanding that the lessee is released, or some acts from which an intention to discharge the lessee can be inferred."

3. This is not a case wherein we are empowered to weigh the evidence and determine where the preponderance lies as to the oral declaration of the witnesses with relation to plaintiff's alleged release of

the original lessee and a substitution of tenants. Every essential fact determined by the lower court has some support in the evidence of record, and is therefore binding upon us.

This cause is affirmed.                    AFFIRMED.

BEAN, J., concurs.

RAND, C. J., and BELT, J., concur in the result.