Argued March 30; affirmed April 25, 1933

# ABRAHAMSON *v.* BRETT ET AL.

(21 P. (2d) 229)

*Wilson S. Wiley*, of Klamath Falls (G. Q. D'Albini, of Medford, on the brief) for appellant.

*William Ganong*, of Klamath Falls, for respondent.

BEAN, J. On June 26, 1928, George W. Anderson leased certain premises in Oakland, California, to John Brett and G. Kelly, for a period of five years, from July 15, 1928, at a monthly rental of $150 per month. The lease was in writing. At the time of the execution of the lease the lessees paid to the lessor the sum of $450, $300 of which was to apply on the last two months' rental and the balance of $150 to apply on the first month's rental. About six months after the execution of the lease George W. Anderson sold the premises and assigned the lease to Bertha J. Abra-

hamson. John Brett and G. Kelly continued to pay the monthly rental to the new owner until August 22, 1929, when they sold their business, conducted on the premises, to P. A. Nielsen and assigned the lease to Nielsen. The lease provides that it cannot be assigned without the written consent of the lessor. Hugo Abrahamson is the husband of Bertha J. Abrahamson and transacted the business pertaining to the lease as her agent. The assignment of the lease, the written acceptance of the assignment by P. A. Nielsen, and the written consent to the assignment of the lease by Hugo Abrahamson, husband and agent of plaintiff, were as follows:

"Oakland, California, August 22d, 1929. For Value Received we hereby assign, transfer and set over unto P. A. Nielsen, of Oakland, California, all our right, title and interest in and to that certain lease dated June 26th, 1928, given by George W. Anderson as Lessor, and the undersigned as lessees. John Brett. G. Kelly".

"Oakland, California, August 22d, 1929. I hereby accept the above assignment, and agree to all of the terms and conditions contained in said lease. P. A. Nielsen".

"Oakland, California, August 22d, 1929. The undersigned hereby consents to the assignment and transfer by John Brett and G. Kelly to P. A. Nielsen of that certain indenture of lease dated the 26th day of June, 1928, said consent given with the understanding that it does not release John Brett nor G. Kelly from any of the terms and conditions of said lease, but shall recognize John Brett and G. Kelly in said lease until the full terms and conditions in said lease shall have been fulfilled. Hugo Abrahamson".

■ Defendant John Brett interposed a demurrer to the complaint on the ground that the court had no jurisdiction of the subject-matter of the action and that

the complaint did not state facts sufficient to constitute a cause of action against the defendant. Defendant assigns error of the trial court in overruling the demurrer for the reason that the leased real property is located in Oakland, Alameda county, California, and contends that the plaintiff bases her action on the theory of privity of estate.

Section 7-107, Oregon Code 1930, provides that when the court has jurisdiction of the parties it may exercise it in respect to any cause of action or suit wherever arising, except for the specific recovery of real property situated without the state, or for an injury thereto. Section 1-403 provides that all actions except those for the recovery of real property or an estate or interest therein or for injuries to real property and those for recovery of penalties and those against a public officer shall be commenced and tried in the county in which defendants, or either of them, reside or may be found at the time of the commencement of the action.

The defendant John Brett testified that he lived at Klamath Falls and summons was served upon him in Klamath county. Actions for recovery of rent, where brought by the lessor against the lessee, being founded on mere privity of contract, and not upon privity of estate, are transitory and may be brought out of the state in which the demised premises lie. 16 R. C. L. 1000, § 517; 40 Cyc. 35, § C.

The action, being founded upon privity of contract to pay the rent involved, is transitory and was properly commenced in the county in which one of the defendants resided. The action was properly brought in Klamath county.

The action against John Brett, one of the lessees, is founded upon privity of contract; that is, upon an express contract to pay the rent. *Peterson v. Dose,* 124 Or. 30, 35 (263 P. 888, 889); 16 R. C. L. 844, § 344.

■ Defendant contends that the court erred in overruling the demurrer to the complaint interposed by John Brett, defendant, because the complaint, upon its face, shows that plaintiff had selected in advance her remedy for breach of the contract by demanding and receiving from the original lessees the sum of $300 "to apply as last two months' rent". It is further provided in the lease as follows:

"provided, however, that if the Lessee shall have faithfully performed all of the terms and conditions of this lease and if this lease is then in effect, the Lessor shall remit the last and final installment of rent to the extent of $300".

The lease contains the following clause:

"It is agreed that each and all of the rights, powers, options or remedies given the Lessor by this lease are cumulative, and no one of them exclusive of the other or exclusive of any remedies provided by law, and that the exercise of one right, power, option or remedy by the Lessor shall not impair his right to any other".

The payment of $300, the amount of the last two months' rent in advance, was simply a payment for the rent of the lease for that time and not security for the performance of the lease. In the absence of any provision therefor in the lease, such advance payment thereby became the absolute property of plaintiff. *Sinclair v. Burke,* 133 Or. 115, 118 (287 P. 686, 687). The advance payment for the last period of the lease differs from that involved in *Menefee Lbr. Co. v. Abrams,* 138 Or. 263, 272 (5 P. (2d) 709), where the

lease recites the receipt from the landlord for the sum of $900 as consideration for the execution of that instrument and the lease contained no indication that any sum was deposited as a guaranty for unpaid rent. The provision in regard to the payment of the $300 would not preclude plaintiffs from exercising other remedies. The plaintiff has never declared a forfeiture of the lease at any time. Brett and Kelly are still the lessees of the building. When Nielsen defaulted in the payment of the rent, the plaintiff notified defendant Brett of such default and that he was responsible for the rent. The plaintiff did not take possession of the leased premises. There was no surrender of the lease-hold estate to the plaintiff at any time.

The second ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action raises the same question as that involved in the motion for directed verdict, and the question may be considered together with the third and fourth assignments, which relate to the liability of defendant upon the covenants of the lease to pay the rent.

At the close of the testimony plaintiff moved for a directed verdict for the sum of $2,880 and the attorney's fees demanded in the complaint, for the reason that there is no testimony of any kind that would be a defense, in this: That all of the testimony which had been offered in any way is a direct contradiction of the written instruments, which it is agreed were signed, and the court directed a verdict to be entered accordingly. This ruling is assigned as error.

We take the following from 2 Tiffany, Landlord and Tenant, 1328, § 190: If the original tenancy is in full force, the lessee remains liable on the covenants entered into by him, while, if the assignee can be re-

garded as receiving from the landlord a new lease, a surrender occurs, and the lessee is no longer liable on his covenants. The mere fact that the landlord, after making the assignment, in some way recognizes the assignee as holding, not under the old tenancy, but under a new one, may be asserted by the tenant as the making of a new lease so as to effect the surrender. It is sometimes said that the lessee is relieved from liability under his covenants if the landlord accepts the assignee "as his tenant," but this is incorrect. The landlord almost invariably accepts the assignee as his tenant and yet the continuing liability of the lessee is generally recognized. The landlord must, in order to thus relieve the lessee from liability, not only accept the assignee as his tenant but must also, tacitly or expressly, accept him as a tenant holding under a new demise; that is, he must, in effect, make a new demise to him. It is further stated in that work: "It has been the law for many years that the landlord may sue either the lessee or his assignee on such a covenant or may sue both of them". Ibid. 1330, § 190.

In the absence of any covenant in the lease to the contrary, a tenant has the right to sublet leased premises or any part thereof. *Maddox v. Wescott,* 156 Ala. 492 (47 So. 170, 16 Ann. Cas. 604). As between the lessor and assignor, an assignment of the term and the acceptance of the assignee as tenant discharges the lessee from all obligations arising from privity of estate, but not from those arising from privity of contract, notwithstanding the assignee may have become liable by privity of estate, unless there is an agreement by which a new tenancy is created, in which event no further liability attaches to the lessee in the absence of a reservation of such liability. The acceptance of

the assignment is not in general regarded as a surrender. 35 C. J. 994, § 94. The right of a lessee to assign or sublet may be restricted by the terms of the lease, yet it is common for the lease to provide that the lessee may assign or sublet with the lessor's consent, in which case the consent of the lessor renders the assignment or sublease valid and operative. Where a subletting or assignment of the leased premises without the consent of the lessor is prohibited, he may arbitrarily withhold his assent without giving any reasons, and in granting his assent may impose such conditions as he sees fit. 35 C. J. 985-987, §§ 75 and 78.

■ The assignment by the lessees, John Brett and G. Kelly, to P. A. Nielsen would not affect any subsequent liability upon the express covenant contained in the lease, although the assignment is with the consent of the lessor. It may be said that there are two grounds of liability which the lessees assumed upon the execution of the lease: One is by virtue of the privity of estate and the other is by privity of contract. Plaintiff brings this action upon the covenant for payment of rent which the original lessees assumed and which constitutes a privity of contract. By the assignment of the lease the privity of estate between the lessor and the original lessees was terminated. Not so, however, with their liability by virtue of the privity of contract. This is not affected by the assignment, although made with the assent of the lessor and the lessees still continue liable on their covenant by virtue of the privity of contract. See note, 52 L. R. A. (N. S.) 968, at p. 969; see note, 42 A. L. R. 1173; *Houston v. Barnett,* 90 Or. 94, 100 (175 P. 619, 621); *Peterson v. Dose,* supra. In a note to *Keith v. Mc-Gregor,* 36 A. L. R. 311, at page 316, we find the following:

"It is established by an unbroken line of authority that where a lease containing an express covenant to pay rent has been assigned, the fact that the lessor thereafter accepts rent from the assignee does not release the lessee from his liability for rent during the remainder of the term, the assignment terminating the privity of estate between the lessor and the lessee, but not the privity of contract". Citing a wealth of authorities.

The consent of the lessor, by her agent Hugo Abrahamson, to the assignment of the lease to P. A. Nielsen, is an absolute consent, but there is attached a reservation or condition that it is with the understanding that it does not release John Brett nor G. Kelly from any of the terms and conditions of the lease. It amounts to a notice by the lessor to the original lessees, that the lessor does not release them from their covenant to pay the rent. There was no error in overruling the demurrer to the complaint.

■ It is contended on behalf of the defendant that, at the time the lessor gave her consent to the assignment of the lease, the lessees Brett and Kelly refused to remain liable, by declining to sign the consent, as they were requested to do by Mr. Abrahamson. The lessees' refusal to remain liable would not abrogate their positive covenant to pay the rent contained in the lease.

■ The defendant suggests that the assignment of the lease with the consent of the lessor amounts to a novation. A novation is a substitution of a new debt for an old one or of a new debt instead of a former one. It is recognized in the law as a mode for the extinguishment of debt. *McCartney v. Kipp,* 171 Pa. 644 (33 Atl. 233, 235). Defendant, in his brief, quotes from *Clark v. Billings,* 59 Ind. 508, 509, as follows: "In every novation there are four essential requisites:

First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and, fourth, the validity of the new one".

The testimony in the case shows there was no extinguishment of the old contract. There was no new estate created by the assignment of the lease to Nielsen. The same leasehold estate created by the original lease continued after the assignment. There was no novation or substitution of a new debt to be paid by Nielsen; he simply assumed the covenant to pay rent made by the lessees. The plea of novation is an affirmative defense in the nature of a release or discharge and is new matter which must be specially pleaded. 46 C. J. 624, § 69; *Miles v. Bowers,* 49 Or. 429, 432 (90 P. 905, 906). Defendant cannot claim that he terminated any relation with the plaintiff and at the same time claim that he assigned the lease in question and that no relationship existed between him and the plaintiff. Such propositions are inconsistent and cannot be maintained. *Hotel Marion Co. v. Waters,* 77 Or. 426, 433 (150 P. 865, 868).

█ The receipt of rent by plaintiff from the assignee, P. A. Nielsen, to whom the lease had been assigned, does not amount to a novation of the contract or release of the lessee, John Brett, but is the assertion of a right which accrued to the lessor as an incident of the assignment. 36 C. J. 372, note 62 (a); 16 R. C. L. 847, § 347; Note, 36 A. L. R. 318.

█ No testimony was offered that there was a surrender of the lease or that there was an offer to surrender the lease or that there was any acceptance of any surrender of the lease by plaintiff. There was no surrender of the lease by operation of law. A sur-

render by "act and operation of law" occurs when transactions have taken place between the reversioner and the tenant of the particular estate, that is, the landlord and tenant, which create a condition of facts inconsistent with the continued operation of the lease. 2 Tiffany, Landlord and Tenant, 1322, § 190a; *Hotel Marion Co. v. Waters,* supra, at p. 431; *Triest & Co. v. Goldstone,* 173 Cal. 240 (159 P. 715).

No testimony was offered to show that the lessor did any acts inconsistent with a continuation of the lease. It should be remembered that at the time Nielsen was given possession of the premises by the lessees, Brett and Kelly, the plaintiff's husband plainly informed the lessees that they would not be released from the terms and conditions of the lease until the same had been fulfilled.

 Defendant contends that the reduction of the rent from $150 to $125 per month, which was shown to be for a temporary purpose, constitutes an estoppel. The lessees were not prejudiced by the reduction of rent. The defendant cannot claim that he was led to take any different position or act upon anything to his prejudice by reason of this reduction in rental. The voluntary reduction in rent by the lessor to the assignee made during the term did not relieve the lessees and assignors, Brett and Kelly, from the covenant in the lease to pay the rent. 36 C. J. 373, § 1227. Defendant did not plead an estoppel. It is a well-settled rule in this state that an estoppel to be available to a party must be pleaded, if there has been an opportunity to plead the facts upon which the estoppel is based. *Enterprise Irr. Dist. v. Enterprise Land & Investment Co.,* 137 Or. 468, 478 (300 P. 507, 511).

 Defendant contends that plaintiff must show that her acts at the time of the assignment of the lease

and during the succeeding year, while Nielsen was in possession, conformed to and were consistent with the theory or plan as expressed in the written consent to the assignment. We think the burden was upon the defendant, who claims a surrender by operation of law, to prove it, and where it is to be inferred from circumstances or conduct inconsistent with intention to perform, the proof on the part of defendant should be clear. 35 C. J. 1094, § 283. There was no testimony offered or introduced indicating that either of the lessees or the lessor intended there should be a surrender of the lease.

■ It appears from the record that the original lessees sublet a portion of the premises to a bootblack and that the plaintiff accepted rent from the subtenant. Defendant claims that this terminated the relationship between plaintiff and defendant. This subtenant was a subtenant of the original lessees. Such acceptance of rent did not relieve defendant, one of the original lessees, from liability. A lessee covenanting to pay rent, who has sublet the demised premises, is not released from liability by the fact that after the sublease the lessor accepts rent from the sublessee. See Note, 36 A. L. R. 319; Note, 52 L. R. A. (N. S.) 976.

■■ Practically all that the testimony shows by the oral evidence is that the original lessees, Brett and Kelly, went to the office of plaintiff's agent, her husband, to obtain the consent to the assignment of the lease, which was obtained. There was no contradiction of any material oral evidence. Therefore the question of whether the defendant was liable for the rent claimed depended upon the written instruments, the lease, which is in evidence, the assignment, acceptance and consent, as set forth above. There was no issue

to be submitted to the jury. It was the duty of the court to construe the written instruments, and, it being shown by such instruments that the defendant was liable for the rent claimed in the complaint, it was the duty of the court to direct a verdict in favor of plaintiff.

It follows that the judgment of the circuit court should be affirmed. It is so ordered.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.