Argued October 30, affirmed December 31, 1956, argued on
rehearing May 6, reversed and remanded, former opinion
withdrawn June 26, respondents' petition for
rehearing denied, reversed and remanded
October 9, 1957

# LILLEY ET UX *v.* GIFFORD PHILLIPS WOOD PRODUCTS, INC.

305 P. 2d 390
313 P. 2d 441
316 P. 2d 506

*Austin Dunn,* Baker, argued the cause for appellant. On the brief were Dunn & Jackson, Baker.

*David C. Silven,* Baker, argued the cause for respondents. On the brief were Banta, Silven & Horton, Baker.

Before WARNER, Chief Justice, ROSSMAN, LUSK, PERRY and McALLISTER, Justices.

## PER CURIAM.

The defendant rented certain real property in Baker, Oregon, from the plaintiffs. On November 2, 1953, the defendant notified the plaintiffs in writing that it was terminating its tenancy as of December 3, 1953. On November 3, 1953, the plaintiffs notified the defendant that it had been using space on the real premises not covered by its tenancy agreement and that should it continue to use this portion of plaintiffs' real property after December 3, 1953, the rental for the property so used would be $50 per day.

The defendant continued to use the space not included in the prior rental for 133 days, and the plaintiffs in their separate complaints, which covered the 133 days, sought recovery of the sum of $6,650. Plaintiffs also sought recovery of the sum of $474 for the use of a small portion of the real property formerly leased by the defendant, which plaintiffs contended defendant occupied after its termination of the lease.

The jury returned a verdict for the plaintiffs in the sum of $3,215, and the defendant appeals.

The defendant assigns as error the trial court's failure to sustain its demurrer to each of plaintiffs' amended complaints, because each complaint fails to state facts sufficient to constitute a cause of action.

Defendant states:

"In the instant case the principal issue is whether or not defendant had the use and occupancy of a portion of Plaintiffs' real property. The plaintiffs' complaints state that 'defendant has occupied

a portion of said premises.' (Paragraph IV plaintiffs' complaint in each case.) Such an allegation is a conclusion of law and states no facts which enable the defendant 'to come into court advised before hand of the particular facts he must contest.' "

■ Assuming that defendant had demurred to each of plaintiffs' amended complaints, which fact does not appear from the record, this contention is without merit. The complaints each set forth a description of the real premises and allege the defendant's occupancy. This is a statement of a fact and not alone a conclusion.

The defendant also complains that the verdict is not responsive to the pleadings because the plaintiffs' complaints each allege an express contract to pay $50 per day for each day the defendant is in possession of plaintiffs' premises. Defendant argues that, if plaintiffs were entitled to recover at all, they must recover for the 133 days of defendant's occupancy, or a total of $6,650, whereas, the jury granted a recovery of only $3,215.

■ If the jury committed error in returning a lesser verdict than the plaintiffs were entitled to, the error committed was favorable to the defendant and it cannot complain. *Boyer v. Anduiza,* 90 Or 163, 175 P 853.

The judgment is affirmed.

ON REHEARING

On Rehearing

Forrest L. Hubbard, Judge.

*Austin Dunn,* Baker, argued the cause for appellant. On the brief were Dunn & Jackson, Baker.

*David C. Silven,* Baker, argued the cause for respondents. On the brief were Banta, Silven & Horton, Baker.

Before PERRY, Chief Justice, and LUSK, BRAND, WARNER, McALLISTER and KESTER, Justices.

PER CURIAM.

A rehearing having been granted herein, we are of the opinion, after careful research, that our former opinion should be withdrawn and the case reversed.

The plaintiffs filed three separate complaints against the defendant for rent; these were consolidated for trial. Three of the causes of action in the three separate complaints are identical as to subject matter, differing only as to the period of time of rental; that is, the plaintiffs, instead of filing a supplemental complaint as a claimed rental period expired, filed a new complaint, so that at the time of trial a rental under these causes of action was sought at the rate of $50 per day for a period of 133 days. A separate cause of action, also for rent, in the sum of $474, based upon a holding over under a different theory and upon a different portion of the property, was included in the third complaint. The jury, without segregating the amounts allowed under each cause of action, returned a single verdict for the plaintiffs in the sum of $3,215.

The assignment of error principally relied upon by the defendant upon appeal is that the verdict is not responsive to the issues involved in the case and, therefore, the trial court erred in not granting defendant's motion for a new trial.

The facts relied upon by the plaintiffs for recovery show that plaintiffs are the owners of certain real property; defendant became a tenant of plaintiffs; the tenancy was from month to month; defendant relin-

quished a portion of plaintiffs' premises in September, 1953, and a new and reduced per month rental was charged and received upon the portion of the premises retained.

On November 2, 1953, the defendant notified the plaintiffs it would vacate the premises retained under the new agreement made and entered into in August, 1953. On November 3, 1953, plaintiffs notified defendant that they would charge defendant $50 per day if it continued to occupy any portion of the premises it had relinquished to the plaintiffs during the month of September, 1953. The plaintiffs' claims of defendant's occupancy and liability for the $50 per day rental is based upon the contention that defendant had failed to remove from the premises relinquished in September lumber and lumber waste material deposited thereon by the defendant.

G. P. Lilley, one of the plaintiffs, testified to the original rental agreement and subsequent events, stating in part as follows:

"A. Mr. Moyer and a Mr. Vorhies came to Baker looking for a location, and inspected the property. They said they thought it was what they required, or their principals required, and that they would let me know whether or not they would be interested in a rental or lease or purchase of the property. I told them I would be glad to work out some sort of proposition with them, and they said they would go back to Los Angeles and talk to their principals and call me up. I don't believe they called up, but both Mr. Moyer and Mr. Vorhies returned, and we made arrangements to rent them the property on the basis of $1500.00 a month, which included all the buildings, all of the storage space in and around the plant, and the block of ground across, I think that's 10th Street,

west of the plant. That included all of the machinery in place, and they were to try it out with the idea that they would purchase the property at a little later date. * * *

* * * * *

"Q. Will you tell us what they were renting at the end of the term?

"A. I think it was in August when Mr. Russell was here—I may be wrong on these dates, but he decided he did not want anything except the one building. No equipment. In accordance with that agreement, we reduced the price to $800.00 a month. They then decided during that month that they would require some other equipment that we had, and with that in mind the rent was raised to $950.00 per month. This rental did not include any of the south buildings, nor the space southeast of the south buildings.

"Q. How was the tenancy terminated?

"A. By letter from Gifford Phillips.

* * * * *

"Q. Mr. Lilley, did you respond or reply to the letter you received from this defendant?

"A. I did."

The plaintiff's response to the letter, insofar as is material, is as follows:

"We believe that you fully realize that no attempt has been made by you to vacate the various premises which are not covered in your rental and now being used for your equipment and inventory. Providing any of this space is occupied after December 3rd, 1953, we will look to you for rental, at the rate of $50.00 per day as compensation for space so occupied."

We will first give our attention to plaintiffs' three causes of action, which plaintiffs state are "based on the theory that the defendant was a tenant at suffer-

ance of the area occupied by the [defendant's] lumber [and waste material] when it received the notice and it continued to occupy a portion of the premises thereafter as a tenant at sufferance. ORS 91.040."

It must be kept in mind that these three causes of action are based upon use of a portion of plaintiffs' premises that had been relinquished by the defendant as a month to month tenant prior to receipt of the plaintiffs' notice to the defendant as above set out.

Plaintiffs rely for recovery upon a general rule of law expressed in 32 Am Jur 800, Landlord and Tenant § 950, as follows:

"* * * It is quite generally held that if, before the termination of the term and before rights which the law implies have arisen by reason of holding over without notice, a landlord notifies his tenant for a fixed term that in case he holds over beyond the term he must pay a specified increased rental, the tenant will become liable for such rental if he in fact holds over and either remains silent with reference to the notice or fails to express his nonassent to the terms thereof."

But reading further in the same paragraph of the citation we find there is a divergence of opinion in the courts as to whether there exists in fact a contract to pay a specified amount of rental or only an implied promise to pay the reasonable rental value of the premises:

"* * * There is, however, authority to the effect that a tenant in possession for a fixed term who is notified before the expiration of the term that if he holds over the rent will be increased to an amount stipulated does not, by merely holding over and remaining silent as to the notice, become liable for the increased rent demanded. According to this latter view, the tenant must pay the reasonable rent value of the premises for the period of his

holding over, whether he is regarded as continuing in possession as a mere trespasser, or as a tenant by sufferance."

For reasons which will become apparent, it is not necessary for us to determine in this case which rule this court should adopt.

Neither, do we believe, is it necessary to discuss the assignments of error set out and discussed in the defendant's brief since it is apparent from the face of the record that these causes of action were tried upon an erroneous theory of the law, and in the interest of justice Rule 50 of this court should be invoked.

The trial court instructed the jury as follows:

"* * * As to the claim for rent of lands outside the building, you are instructed if you find from a preponderance of the evidence that after December 3rd, 1953, the defendant was a tenant of the plaintiffs, and if you find that during such tenancy, if any, the plaintiffs notified the defendant that if defendant occupied any part of the premises which was not included in the lease, the rental therefor would be $50.00 a day, and if you further find that the defendant did so occupy any portion of said premises other than the building after December 3rd, 1953, then you are instructed that the plaintiffs are entitled to recover in those two cases, being Cases 2079 and 2094, and the amount of recovery as to this claim would be the rental specified in said notice, if any, multiplied by the number of days, if any, that defendant continued to occupy said land after December 3rd, 1953, but not beyond April 9th, 1954. In that connection, you may consider the question of whether or not, after the notice claimed to have been given by the plaintiffs to the defendant that after December 3rd, 1953, they would be charged $50.00 a day rental, the defendant knowingly and purposely occupied any portion of plaintiffs' lands, exclusive of the building referred to in this notice."

This instruction, to which the defendant objected, is clearly erroneous.

All of the parties agree that the tenancies involved herein were all from month to month. As previously noted, the plaintiff G. P. Lilley testified that the original agreement included "* * * all the buildings, all of the storage space in and around the plant, and the block of ground across * * * west of the plant." All of the parties also agree that in August a new agreement was made by these parties which provided for the rental of but one building at a much reduced rental and that this new agreement did not "include any of the south buildings, nor the space southeast of the south buildings."

It is upon the property described as not being included in the last rental agreement that the increased rental is sought. Therefore, it seems clear that the new agreement, without reservation of any rights, effected a cancellation of the old landlord and tenant relationship upon this portion of the premises as a matter of law. See 2 Tiffany, Landlord and Tenant, 1323, § 190b.

"* * * A surrender by 'act and operation of law' occurs when transactions have taken place between the reversioner and the tenant of the particular estate, that is, the landlord and tenant, which create a condition of facts inconsistent with the continued operation of the lease." *Abrahamson v. Brett,* 143 Or 14, 24, 21 P2d 229.

■ It is also a rule of law, well-established in this state, that a landlord after accepting a surrender of the premises, unless there were prior covenants to the contrary, cannot recover rent accruing subsequent to such acceptance. *Tracy v. Thun,* 125 Or 323, 267 P 398; *Alvord v. Banfield,* 85 Or 49, 166 P 549.

■ The evidence in this case, however, shows no agreement between the parties relative to the storage of the lumber upon these premises and, since the defendant cannot be considered a tenant at sufferance or a tenant at will, any recovery for failure to remove the lumber and waste materials after notice given must be had, if at all, in damages for injury to plaintiffs' reversionary interest.

Since an action for the recovery of rent cannot be maintained, the causes of action we have just discussed must be dismissed.

■ The plaintiffs' third complaint, as amended, set out as a cause of action for rent arising by reason of the defendant holding over upon a portion of the premises last occupied by the defendant under a month to month tenancy agreement. There was no demand for increased rental as to this occupancy. The occupancy charged is based upon the defendant's failure to remove some of its wood "pallets," from a corner of the last rented building. Under this cause of action the plaintiffs sought recovery of the sum of $474. As previously pointed out, the verdict rendered was for a single amount upon the several causes of action.

While no error is claimed as to this cause of action, it is necessary that the matter be retried as it is obvious from the single verdict we cannot determine whether the jury returned a verdict for or against the plaintiffs upon this issue.

For the reasons above set out this case is remanded to the circuit court for further proceedings consistent with this opinion.

**ON RESPONDENTS' PETITION FOR REHEARING**

Banta, Silven & Horton, Baker, for the petition.

Dunn & Jackson, Baker, contra.

Before PERRY, Chief Justice, and LUSK, BRAND, WARNER, McALLISTER and KESTER, Justices.

LUSK, J.

The plaintiffs have petitioned for a rehearing. They urge that the court overruled its original opinion and reversed the judgment in their favor because of an error not assigned in defendant's brief and upon a point of law which they have never had an opportunity to argue.

In our second opinion, rendered June 26, 1957, we expressly stated that we took notice of the error referred to under Rule 50 of the rules of this court, which provides that "this court reserve the right to take notice of an error of law apparent on the face of the record" even though it is not assigned in the appellants' opening brief. We thought, and still think, that an erroneous instruction of the court upon the

crucial issue of law involved may have resulted in a miscarriage of justice. We have no doubt of our authority and duty to correct the error.

The plaintiffs, in a memorandum which is part of their petition for rehearing, have now presented to the court the legal propositions and the authorities upon which they rely in support of their theory. Before referring to these, it is necessary to restate the issues and to examine the pleadings.

Plaintiffs are seeking to recover the sum of $50 a day as rent of a portion of certain real property in the city of Baker. The period covered by their claim is 133 days, commencing December 4, 1953, and ending April 9, 1954.

Plaintiffs were owners of two buildings and surrounding land comprising a plant for the processing, storage and sale of lumber and lumber products. One of the buildings is referred to in the testimony as the north building, the other as the south building. In April 1953 the defendant entered into possession of these premises as a month-to-month tenant. In August or September 1953 the parties made a new agreement under the terms of which all the property except the north building and the area adjacent thereto was to be surrendered and the tenancy of that building, together with some equipment, continued at a reduced rental. According to the plaintiffs' evidence, the defendant had stored a large pile of lumber on land adjacent to the south building and had left equipment and inventory in the south building which it failed to remove after the new agreement was made despite repeated demands of the plaintiff that it do so.

On November 2, 1953, the defendant notified the plaintiffs in writing that it was terminating its tenancy of the north building as of December 3, 1953. On No-

vember 3, 1953, the plaintiffs wrote the defendant a letter which included the following:

"We believe that you fully realize that no attempt has been made by you to vacate the various premises which are not covered in your rental and now being used for your equipment and inventory. Providing any of this space is occupied after December 3rd, 1953, we will look to you for rental, at the rate of $50.00 per day as compensation for space so occupied."

Evidently, the phrase "various premises which are not covered in your rental" referred to the south building and adjacent area.

In these circumstances the court instructed the jury that, if they found from a preponderance of the evidence "that after December 3, 1953, the defendant was a tenant of the plaintiffs," and that during such tenancy "the plaintiffs notified the defendant that if defendant occupied any part of the premises which was not included in the lease, the rental would be $50 a day," and that if they further found that the defendant did so occupy any portion of the premises other than the building after December 3, 1953, then the plaintiff would be entitled to recover as rent the amount specified in the notice multiplied by the number of days of such occupancy. We held in our second opinion that this instruction was erroneous. The question is upon the correctness of that ruling.

We will now consider the pleadings. It must first be noted that this is not one law suit, but three consolidated for trial. We shall refer to the separate cases by their number in this court. Number P-1747, filed December 29, 1953, is an action to recover rent at $50 a day for the period commencing December 3, 1953, a total of 25 days. Judgment for $1250 was prayed for. Paragraph IV of the amended complaint alleges:

"That continuously since the 3rd day of Decem-

ber, 1953, the defendant has occupied a portion of said premises bounded on the south by Carter Street (being on the southerly side of the plaintiffs' said premises and excluding the area occupied at the time of filing the original complaint herein, by lumber not then belonging to the defendant, which lumber was piled immediately alongside and westerly from the right of way of the O.W.R. & N. Co.) and *a portion of the building* situate upon said premises, and the plaintiffs have taken possession of the remainder of said premises not so occupied by the defendant, and in accordance with said written notice have continued to recognize the right of the defendant to occupy *said portion of said building* and premises at said $50.00 per day rate; that said rate is a reasonable rental, that at the time of the filing or the original complaint herein, the defendant had so occupied *said portion of said building* and premises for a period of twenty-five successive and consecutive days from and after December 3, 1953, and rental in the sum of $1,250.00 was on said date due and owing from the defendant to the plaintiffs; that the same remains due and unpaid." (Italics added.)

The second action, Number P-1748, was filed February 20, 1954. It claims rent for the period of 57 days which had elapsed since the filing of the first action. The prayer asks for judgment in the sum of $2850. Paragraph IV of the amended complaint is identical with Paragraph IV of the amended complaint in Number P-1747 save for necessary changes in dates, number of days and the amount alleged to be due.

The third action, Number P-1749, was filed April 9, 1954, and covers the final period of occupancy of 52 days. Judgment is sought for $2600. Paragraph IV of the first amended complaint is identical with Paragraph IV in the complaints referred to in the two actions previously filed except for necessary changes

in dates, number of days, and the amount claimed to be due. On October 12, 1955, a second amended complaint was filed containing two causes of action. By the first cause of action the plaintiffs seek to recover rent at the rate of $50 per day for 52 days or a total of $2600. It departs, however, from the allegations of the previous pleadings by confining the issue to the premises exclusive of the building. Paragraph III alleges:

"That on and prior to December 3, 1953, the defendant was renting from plaintiffs, under month to month tenancy, a certain building of the plaintiffs situate in Blocks 17 and 18 of McCrary's Addition to the City of Baker, Oregon, and occupied certain lands in connection therewith; said tenancy was terminated on December 3, 1953, pursuant to written notice delivered by the defendant to the plaintiffs on November 3, 1953. That the plaintiffs thereupon and prior to the expiration of said tenancy, notified the defendant that to the extent the defendant occupied any portion of the plaintiffs' said premises *exclusive of the building* subsequent to December 3, 1953, the rent chargeable to and payable by the defendant would be the sum of $50.00 per day; that the defendant made no response nor objection thereto." (Italics added.)

Aside from necessary changes as to number of days, etc., Paragraph IV is the same as Paragraph IV of the complaint in the previous actions except for the following allegation "and in accordance with said written notice [the plaintiffs] have continued to recognize the right of the defendant to occupy said portion of said premises [instead of 'said building and premises'] at said $50.00 per day rate."

The second cause of action in P-1749 is for the recovery of rent for occupancy of a portion of the north building from December 3, 1953, to April 9, 1954. The complaint alleges that the plaintiffs elected to consider

the defendant as a tenant as to the portion of the building so occupied and that the defendant was obligated to pay as rental a proportionate part of the rental being received during said tenancy. This cause of action has no bearing on the question under consideration.

■ It is plaintiffs' theory, as stated in their petition for rehearing, that, after termination of the tenancy as to the area now in question by the new agreement entered into in August 1953, the defendant held over and thereby became a tenant at sufferance (citing ORS 91.040); that the plaintiffs had the option to treat the defendant as a trespasser or to waive the wrong and treat the defendant as a tenant (citing *Parker v. Page,* 41 Or 579, 583, 69 P 822), and that they did elect to treat the defendant as a tenant. See, also, *Peterson v. Dose,* 124 Or 30, 263 P 888. The plaintiffs rely on the rule of law quoted from 32 Am Jur 800, Landlord and Tenant § 950, in our second opinion, that "if, before the termination of the term and before rights which the law implies have arisen by reason of holding over without notice, a landlord notifies his tenant for a fixed term that in case he holds over beyond the term he must pay a specified increased rental, the tenant will become liable for such rental if he in fact holds over and either remains silent with reference to the notice or fails to express his nonassent to the terms thereof."[1]

In our second opinion we called attention to the

---

[1] Strictly, the rule as stated is not involved here because this case does not deal with a tenancy for a fixed term. The defendant, at the time of the termination of the tenancy of the south building and adjacent area, became a tenant at sufferance of those premises (assuming the facts as shown by plaintiffs). ORS 91.040. If plaintiffs thereafter, and before the notification of increased rental, elected to treat defendant as a tenant the terms of the tenancy would have remained the same as theretofore, that is to say, a month-to-month tenancy, at the same rent. Peterson v. Dose, supra; Parker v. Page, supra; Tiffany, op. cit. at 1478. It would seem that "no notice to quit being given, a tenant from month to month * * * cannot, by a mere notice to him of an increase in rent, be deprived of his right to continue in possession indefinitely." 109 ALR 211.

diversity of judicial decision regarding the rule quoted, but for reasons there given found it unnecessary to express an opinion upon that question. It is a rule to which the majority of the courts adhere: 2 Tiffany, Landlord and Tenant 1490; annotation 109 ALR 201; though it has been criticized *obiter* by this court, *Mc-Clung v. McPherson,* 47 Or 73, 83, 81 P 567, 82 P 13, and questioned by Tiffany, op. cit. at 1491. But, whether it is a sound rule or not, the instruction embodying it given in this case was clearly erroneous.

■ In the first place the allegations of the plaintiffs' pleadings in cases numbered P-1747 and P-1748 were, in substance, that the plaintiffs notified the defendant that if the latter continued to occupy certain land and *a portion of a building* it would be required to pay $50 a day rent, and that they had recognized defendant's right to occupy "said portion of said building and premises at said $50 per day rate," but the court instructed the jury that if they should find that the defendant occupied any portion of the premises *other than the building* it was obligated to pay rent at $50 a day, thereby submitting to the jury a different issue than that made by the pleadings in those cases. Not only that, the instruction authorized the jury to find liability of the defendant to pay rent at $50 a day for the land, exclusive of the building, notwithstanding this recognition in the pleadings of defendant's right to occupy both the land and a portion of the building at that rate.

■ There is, however, another and fundamental fault in the instruction—one which reveals a fatal defect in the plaintiffs' case. The theory underlying the rule in question is that "holding over the term after such a notification of increase in rent is to be regarded

as an acceptance of the landlord's proposition to remain in possession at that rent." Tiffany, op. cit. at 1491.

By the terms of the notification here the defendant was informed that "if any of this space is occupied after December 3, 1953" the increased rent would go into effect. Assuming that the rule is to be followed in this state, we think that it cannot be applied to this case. We will not impute to a tenant implied assent to a proposal to pay the same rate of rent for a portion of the landlord's premises as for the whole, at least in the circumstances here present. There might be cases—as, for example, if occupation of a part of the premises by the tenant effectually excluded the owner from the whole—where a notice of that kind could be sustained. But that is not this case, for the plaintiffs, as their pleadings show, took "possession of the remainder of the premises not so occupied by the defend-ant." If the tenant had occupied an area 10 feet square it would have become liable under the plaintiffs' theory to pay the same rent as though it had occupied an acre and a substantial part of a building. The notice, in our opinion, did not constitute a bona fide offer to continue the relationship of landlord and tenant.

Any views expressed in our decision rendered June 26, 1957, which are in conflict with this opinion will be considered withdrawn. The petition for rehearing is denied. The judgment is reversed and the cause remanded for further proceedings in conformity herewith.